STATE OF MISSOURI, Respondent, v. LEE COLLY, Appellant.

St. Louis Court of Appeals, February 23, 1897.

Criminal Law: MISSPELLED WORD: PLEADING. A pleading, civil or criminal, is not vitiated by a misspelled word, where it is evident what word is intended to be used, and where the word, as spelled, has the same sound as the intended word when properly spelled.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Joseph French* for appellant.

The particular kind of beer sold in this case was attempted to be described, and was described, as one bottle of "larger beer." No evidence was given as to this kind of beer being intoxicating; and where a beverage is not known to be an intoxicant, it must be shown to be such. *State v. Wilson*, 80 Mo. 303; Whar. Crim. Law [8 Ed.], sec. 1505, p. 326.

To charge the sale of one bottle of "small" beer, without proof of its being intoxicating will not be sustained. Whar. Crim. Law [8 Ed.], sec. 1505, p. 326 and citations; Greenleaf on Ev. [13 Ed.], secs. 467, 468, p. 526.

The court erred in permitting the witness, Hargrove, to be recalled after defendant had closed his case. Whar. Crim. Ev. [8 Ed.], secs. 493, 494, pp. 404, 405.

No brief filed for respondent.

BLAND, P. J.—At the February term, 1893, of the Lawrence county circuit court, the defendant was indicted for a violation of the dramshop law. The charge was, that he sold one bottle of "larger" beer. The case was taken to the Barry county circuit court, by change of venue, and at the November, 1895, term, thereof, he filed his motion to quash the indictment, because the indictment charges the selling of "larger" beer (not "lager" beer). This motion was overruled. A trial was had by the court sitting as a jury. Defendant was convicted. Motions in arrest and for new trial were filed, and overruled, bill of exceptions filed, and appeal taken to this court.

The fact that the pleader used one "r" too many, in his spelling of the word "lager," in the absence of the fact that the use of this superfluous MISSPELLED word: pleading. letter did not construct another word, having a separate and different signification from the word "lager," makes it quite clear that it is a case of misspelling, which does not vitiate a pleading, civil or criminal, where, as in this case, it is apparent what word was intended to be used, and where the word as spelled, has the same sound as the intended word, when correctly spelled. The evidence supported

the finding of the court.    No instructions were asked or given.    We find no error in the record, and affirm the judgment.

All concur.