### A. W. WRIGHT v. THE STATE.

No. 2399.   Decided April 16, 1913.

**1.—Theft from the Person—Statement of Facts—Stenographer's Notes.**

Where the stenographer's notes purporting to be a statement of facts is not certified to by the stenographer or signed by the attorneys or approved by the

trial judge, the same cannot be considered for any purpose, and it will be presumed that the court charged all the law applicable to the facts.

**2.—Same—Indictment—Pleading.**

Where the indictment charged the theft to have been accomplished in both ways by which the statute states the offense can be committed, the same was sufficient. Following Steele v. State, 46 Texas Crim. Rep., 337, and other cases.

**3.—Same—Indictment—Words and Phrases.**

Where, by inadvertence, the word, "monet," was used in the indictment instead of the word, "money," it was apparent that this was but a clerical or typographical error.

Appeal from the District Court of Tarrant. Tried below before the Hon. R. H. Buck.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of bad spelling in the indictment: Earp v. State, 41 Texas, 487; Thomas v. State, 2 Texas Crim. App., 293; Stinson v. State, 5 id., 31; Somerville v. State, 6 id., 433; Hutto v. State, 7 Texas Crim. App., 44; Hudson v. State, 10 Texas Crim. App., 215; Brumley v. State, 11 id., 114; Keller v. State, 25 id., 325; Farmer v. State, 28 S. W. Rep., 197; Francis v. State, 44 Texas Crim. Rep., 246.

HARPER, Judge.—Appellant was prosecuted and convicted of theft from the person, and his punishment assessed at two years confinement in the penitentiary.

There is with the record what purports to be a transcript of the notes of the official reporter in question and answer form. It is not certified by the stenographer; is not signed by the attorneys who tried the case, neither is it approved by the trial judge, and under such circumstances it can not be considered for any purpose. And as we must conclude in the absence of the evidence that the judge charged the law and all the law applicable to the facts, we must presume there was no error in refusing the special charges requested, and the only matter presented in a way we can review it is the motion in arrest of judgment on account of alleged defects in the indictment. The indictment charges the theft to have been accomplished in both ways the statute states the offense can be committed. This is permissible under our system of pleading. Steele v. State, 46 Texas Crim. Rep., 337; Thomas v. State, 51 Texas Crim. Rep., 329. In alleging the property stolen, it is alleged to be "twenty dollars in monet of the value of twenty dollars," the word "monet" being used where it was intended to say "money." In no standard dictionary do we find any such word as "monet," and it is apparent that it is but a clerical or typographical error where the letter

"t" is used in the word where "y" was intended, and such inaccuracies have never been held to be fatal to an indictment.

The judgment is affirmed.

*Affirmed.*