### 5516.  KINCADE *v.* THE STATE.

1. The court did not err in overruling the demurrer to the indictment.
2. Every person indicted for an offense against the laws of this State, unless he waives arraignment, is entitled as matter of right to be arraigned before pleading to the indictment. When arraigned, either one or both of two issues may be presented for determination,—an issue of law or an issue of fact. The issue of law is for decision by the court, the issue of fact by the jury. When a defendant demurs to an indictment, he presents an issue of law. If the court decides this issue against him he may then present his issue of fact in a plea of not guilty. Before either issue is presented, he is entitled to be arraigned, unless arraignment is waived. When the defendant pleads without arraignment, he thereby waives this formality. When an issue of law is presented by the defendant without demanding formal arraignment, this amounts to waiver of arraignment, as to either or both issues, as this is a plea to the merits of the indictment.

DECIDED MAY 14, 1914.

Indictment for sale of liquor; from Bartow superior court—Judge Fite. January 21, 1914.

*Neel & Neel,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

ROAN, J. Tip Kincade was charged by the grand jury of Bartow county with a misdemeanor, in that, on December 21, 1913, in that county, he did unlawfully sell "alcoholic, spirituous, malt, and intoxicating liquors, and intoxicating bitters, and other drinks if *frunk* to excess will produce intoxication," etc. The bill of indictment was headed, "State of Georgia, Bartow Superior Court, *October term, 1913.*" Upon the back of the indictment was the following: "Charge, misdemeanor. No. 7, *January term, 1914,* Bartow Superior Court. State *vs.* Tip Kincade, True bill. Thos. Lumpkin, Foreman." The case came on for trial at the regular January term, 1914, of Bartow superior court, on January 21. When the case was called for trial the defendant, through his counsel, filed a written demurrer to the indictment; the demurrer was overruled, and to the overruling of the demurrer he excepted pendente lite. After overruling the demurrer the court immediately ordered that the trial proceed; whereupon the solicitor-general presented to the defendant's counsel a written waiver of formal arraignment and a plea of not guilty, which the defendant, by his counsel, refused to sign, announcing that he refused to plead to the indictment and that he insisted upon his legal rights. Thereupon the court directed the solicitor-general to enter a plea of not guilty for the defendant, and the solicitor-general then made and signed an entry upon the bill of indictment, as follows: "The defendant Tip Kincade stood mute and refused to plead, and the court directed that the plea of not guilty be entered. (Signed) Sam P. Maddox, solicitor-general." Promptly upon the making of this entry the court ordered that a jury be stricken, which was done, and the jury was duly sworn; whereupon the State, without objection, introduced the following evidence: The minutes of Bartow superior court, showing that the indictment under which the defendant was then being tried was returned "true" by the grand jury of that court at the January term, 1914; and also the minutes of the court showing that Thomas Lumpkin was foreman of the grand jury at the January term, 1914. J. W. Stanford, a witness for the State, testified, on direct examination, as follows: "I bought a pint of whisky from Tip Kincade and paid him a dollar for it, in this county, some time during last year." There was no

cross-examination of this witness, and the defendant introduced no evidence and made no statement. Without argument of counsel the court charged the jury, who returned a verdict finding the accused guilty. Upon the rendition of this verdict the court sentenced the prisoner. To all of the foregoing proceedings, including the putting of the defendant on trial before the jury and his trial under the indictment, the verdict of the jury, and the sentence of the court thereon, the defendant excepted in his bill of exceptions, insisting that there was never any arraignment, or reading of the bill of indictment, or any waiver of these formalities by him before he was called on to plead to the indictment; that the entry by the solicitor-general of the plea of not guilty for him, for the reasons above stated, was illegal, and that, therefore, no issue was formed upon the indictment upon which to try him, and the whole of the trial, including the verdict and sentence, was illegal and void.

The demurrer to the indictment was based on four grounds. The first ground is that the indictment charges the defendant with having committed the crime on December 1, 1913, but on its face appears to have been presented at the October term, 1913, and thus attempts to charge a crime alleged to have been committed after the presentation and finding of the indictment. The designation "October term" appears only above the names of the grand jurors, preceding the charge in the indictment. The actual date on which the bill was returned by the grand jury as true appears upon the back of the indictment, as follows, "Charge, Misdemeanor. No. 7, January term, 1914, Bartow Superior Court," etc., and is signed by "Thos. Lumpkin, Foreman." The signature upon the back by the foreman indicates the true term at which the indictment was returned by the grand jury, it further appearing that there was no October term, 1913, of the court, but that there was a January term, 1914, and that Thomas Lumpkin was foreman of the grand jury at that term, when the grand jury returned the bill as true. No doubt the irregularity in the description of the court term, in the face of the indictment, was due to the omission on the part of the solicitor-general to strike the word "October," which appears in the face of the bill; and as the true term appears on the back thereof, where it is endorsed by the foreman of the grand jury, this irregularity will not invalidate the bill or authorize that it be

quashed. *Williams* v. *State,* 55 *Ga.* 393; *Williams* v. *State,* 107 *Ga.* 724. The second ground of the demurrer is that the indictment appears to have been returned at the October term, 1913, of said court, when there was no such term of said court. What we have said concerning the first ground of the demurrer disposes also of the second ground. The third ground of the demurrer to the indictment relates to the words, "and other drinks if *frunk* to excess will produce intoxication," which follow the words "alcoholic, spirituous, malt, and intoxicating liquors, and intoxicating bitters." It is contended that the indictment thus fails to allege any offense against the laws of the State. The clearly inadvertent substitution of the letter "f" for "d" in the word "drunk" is so palpably a clerical error that it is unnecessary to deal further with this objection. The fourth ground of the demurrer is abandoned by the defendant's counsel.

It is urged by the plaintiff in error that he has been illegally convicted because he has never been arraigned on this indictment, and afforded an opportunity, legally, to plead thereto; that he never waived formal arraignment, and no issue for trial was ever legally formed upon the indictment. A defendant charged with any offense against the laws of this State, whether a felony or a misdemeanor, is entitled, unless he in some way waives it, to be formally arraigned before pleading to the indictment, but he can not, when following the letter of the law, demur or file any special plea to an indictment except upon being arraigned. If his demurrer to the indictment or plea to the jurisdiction of the court, or any special plea in bar, be decided against him, he may nevertheless plead and rely upon the general issue of not guilty. When this defendant, through his counsel, presented his demurrer, and invoked a ruling thereon, this amounted to a waiver of formal arraignment. One of the objects of formal arraignment is to enable the court to identify the prisoner as the proper party to proceed against, and to enable the prisoner to plead either an issue of law or an issue of fact. The demurrer is a plea to the merits of the indictment preferred against him, and presents an issue of law; that is, it in effect says: "Admitting all that this bill of indictment sets forth to be true as alleged, as a matter of law I am guilty of nothing." If that should be overruled by the court, he may nevertheless plead and rely upon the general issue of not guilty, which is an issue of fact. A de-

fendant can not demur to an indictment, as this defendant is shown to have done, and then claim, as he does, that he has never been arraigned or afforded an opportunity to plead, for he pleaded to the merits when he presented the issue of law; and although that plea was put in without his being formally arraigned, he had a right to waive arraignment, and by his conduct did waive it. When he waived it to present his issue of law, the waiver was good as to his issue of fact. *Wells* v. *Terrell,* 121 *Ga.* 368 (49 S. E. 319); *Hudson* v. *State,* 117 *Ga.* 704 (45 S. E. 66).

When the prisoner stands mute and refuses to plead, as was done in this case, it is the duty of the court to order that a plea of not guilty be entered for him (Penal Code, § 972), and to afford him an opportunity to have a legal trial upon the issue thus formed; and the judge did not err in directing the solicitor-general to so enter the plea in this case.

It appears that in all other respects the trial was free from errror. There is abundant evidence to sustain the verdict, and no reason appears to us why this verdict should be set aside.

*Judgment affirmed.   Russell, C. J., dissents.*