STATE OF MAINE *vs.* MOSE LAFLAMME.

Oxford.    Opinion February 8, 1917.

*Indictments. General rule for the form of same. Rule where the meaning of the indictment is clear but there are inaccuracies or errors which may be explained. Self-correcting errors.*

1.  The object of an indictment is to apprise the accused of the definite offense with which he is charged, set forth with such necessary allegations as to time and place that he may be enabled to properly prepare and present his defense.

2.  An indictment must be so drawn that in case any other proceedings should be brought against the respondent for the same offense he could plead the former acquittal or conviction in bar.

3.  But if the meaning of an indictment is clear so that the accused is thereby informed of the precise charge which he is called upon to meet, verbal inaccuracies, grammatical, clerical, typographical or orthographical errors which are explained and corrected by necessary intendment from other parts of the indictment are not fatal.

4.  The typewritten caption of the indictment for maintaining a liquor nuisance alleges that it was found at a term of the Supreme Judicial Court "begun and holden at Paris within and for the County of Oxford on the second Tuesday of October in the year of our Lord one thousand nine hundred and fieteen." After conviction the respondent filed a motion in arrest of judgment on the ground that the indictment was fatally defective, having the word "fieteen" instead of "fifteen," which motion was overruled by the presiding Justice.

*Held:*  That the error was purely typographical, the substitution of an "e" for an "f" by mistake. As the correction is furnished by the context and the intendment from other parts of the indictment is clear, the indictment is valid.

Defendant was found guilty on an indictment for maintaining a liquor nuisance. After verdict, respondent filed a motion in arrest of judgment. Motion overruled. Exceptions were filed by respondent. Exceptions overruled. Judgment for the State.

Case stated in opinion.

*Albert. Beliveau*, County Attorney, for the State.

*Bisbee & Parker*, for respondent.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, PHILBROOK, JJ.

CORNISH, J.  Indictment for maintaining a liquor nuisance at Rumford in the County of Oxford. The respondent was tried at the May term, 1916, and convicted. After verdict he filed a motion in arrest of judgment which was overruled by the presiding Justice. The case is before this court on exceptions to that ruling.

The typewritten caption of the indictment alleges that it was found at a term of the Supreme Judicial Court "begun and holden at Paris within and for the County of Oxford on the second Tuesday of October in the year of our Lord one thousand nine hundred and fieteen." It is contended by the respondent that although it was undoubtedly the intention of the scrivener to typewrite the word "fifteen," he did not do so, and we must take the indictment as we find it; that the word "fieteen" is meaningless and must be rejected as surplusage, and that the caption must therefore be held by this court to allege the time of finding as "on the second Tuesday of October one thousand nine hundred." If this is so then the indictment is fatally defective because it alleges the offense to have been committed on the fifteenth day of August in the year of our Lord one thousand nine hundred and

fifteen and on divers other days and times between that day and the finding of the indictment. So construed the indictment appears to have been found sixteen years before the continuing offense was committed.

But neither reason nor authority compels such a conclusion, and it would be a reproach to the law if they did. The major premise in the argument is fallacious. The word "fieteen" taken in connection with the context is not meaningless, and should not be rejected as surplusage. To the ordinary reader it means "fifteen," because it is at once apparent that a typographical error has converted "fifteen" into "fieteen," the letter "e" on the typewriter having been struck by chance instead of "f". The nature of the error is as palpable as the error itself, and the intendment of the word is clear from the context.

The object of an indictment is to apprise the accused of the definite offense with which he is charged, set forth with such necessary allegations as to time and place that he may be enabled to properly prepare and present his defense. It must be so drawn that in case any other proceedings should be brought against him for the same offense, he could plead the former acquittal or conviction in bar. This is the general rule and reason has made the rule.

But another rule, entirely consistent with the one just stated, and likewise based upon reason, is equally well established. That rule is this, that if the meaning of an indictment is clear so that the accused is thereby informed of the precise charge which he is called upon to meet, verbal inaccuracies, grammatical, clerical or orthographical errors, which are explained and corrected by necessary intendment from other parts of the indictment, are not fatal. In other words, an indictment is not vitiated by a clerical or typographical slip the correction of which is furnished by the context. Such errors have been held harmless with practical unanimity. The books contain many illustrations. Let us state a few where errors of this sort have been considered and the indictments held valid. "Tebruary" for "February," *Witten* v. *State*, 4 Tex. App., 70; "Eiget" for "eight," *Somerville* v. *State*, 6 Tex. App., 433. In the latter case the court say: "In the printed part of the indictment a typographical error occurs in the alleged date of the offense, making 'eight' read 'eiget.' It is believed that as the allegation stands in the indictment it admits of but one construction and the intention of the pleader is unmistakable. It is certain and intelligible, the 'h' being substituted for the

'e' by intendment. It certainly could not have misled the defendant as to what he was called on to answer and the conviction would bar a subsequent prosecution." Again, "eigh" for "eight," *State* v. *Coleman,* 8 S. C., 237; "Janury" for "January" in *Hutto* v. *State,* 7 Tex. App., 44, where the language of the opinion is: "We think 'Janury' is idem sonans with 'January,' and, if not so, that it is intelligible and no one could well have been misled by it." Other instances are "stael" for "steal," *State* v. *Lockwood,* 58 Vt., 378; "stal" for "steal," *Willis* v. *State,* 4 Blackf. (Ind.) 457; "larger," beer for "lager" beer, *State* v. *Colly,* 69 Mo. App., 444; "assalt" or "assatt" for "assault," *State* v. *Crane,* 4 Wis., 417, where the court characterizes the objection as a "gossamer obstacle" which should not be permitted to stay the due administration of justice; "Frunk" for "drunk," *Kincaide* v. *State,* 14 Ga. App., 544, 81 So., 910. "The clearly inadvertent substitution," says the court, "of the letter 'f' for 'd' in the word 'drunk' is so palpably a clerical error that it is unnecessary to deal in extenso with the objection." "Di" for "did," *Holland* v. *State,* 11 Ala. App., 134, 66 So., 126; "inten" for "intent," *Stinson* v. *State,* (Tex. Ct. App.), 173 S. W., 1039; "effect" for "affect," *Smith* v. *Territory,* 14 Okl., 162; 77 Pac., 187; Same mistake in *State* v. *Cabodi* (New Mexico, 1914), 128 Pac., 262; "monet," for "money," *Wright* v. *State,* (Tex. Ct. App.), 156 S. W., 624; "clerk" for "Court," *Hogan* v. *U. S.,* 192 Fed., 918; "on" for "one," *Will* v. *State,* Ala., (1912), 59 So., 715. The rule has been well stated by the Alabama Court in these words: "Before an objection, because of false grammar, incorrect spelling or mere clerical errors, is established, the court should be satisfied of the tendency of the error to mislead or to leave in doubt as to the meaning, a person of common understanding, reading not for the purpose of finding defects but to ascertain what is intended to be charged." *Grant* v. *State,* 55 Ala., 201. In other words there is no reason why the judicial eye should be blind to what the personal eye sees with distinctness.

Our court has enforced the same rule in *State* v. *Carville,* 11 At., 601, (Maine, 1887), a case not found in our reports because only a rescript was filed. That was an indictment for incest, and the statutory word "incestuous" was spelled "incestous," the letter "u" being omitted by chance. This court held that this was not a fatal omission and that as no one could mistake its meaning in its connection in that indictment, the indictment was held valid.

The case at bar is but another illustration of the same wise rule. The error was purely typographical, the substitution of an "e" for an "f," the correction of which is furnished by the context. The intendment from other parts of indictment is clear. The year is there stated. The body of the indictment alleges that the respondent on the fifteenth day of August, one thousand nine hundred and fifteen and on divers other days and times between that day and the day of the finding of this indictment committed the offense charged. This court takes judicial notice of the dates of its terms, *State* .v. *Peloquin,* 106 Maine, 358, 361. The month of the finding is correctly alleged in the caption as October. This case was tried at the May term, 1916. When therefore the respondent was arraigned and tried in May, 1916, on an indictment found in the month of October on an offense which began on August 15, 1915, and continued to the second Tuesday of October, it must of necessity be October of the year 1915, because it was the only October that intervened between August, 1915, and May, 1916.

Whether we look at the word "fieteen" itself or examine it in connection with the rest of the indictment the meaning is obvious. The error was what some of the courts have termed as self-correcting. It is so trivial that it evidently escaped the attention of the County Attorney who signed the indictment and of the Clerk of Court who undoubtedly read it aloud when the respondent was arraigned. The caption constitutes no part of the finding of the grand jury, *State* v. *Conley,* 39 Maine, 78, and had the error been detected at that time it could have been corrected from other records of the court. *Commonwealth* v. *Wood,* 4 Gray, 11; *State* v. *Peloquin,* 106 Maine, 358.

However, as the indictment stands it is valid under the well settled rules of criminal pleading. The intendment is plain. The respondent could have had no doubt as to the offense with which he was charged, nor as to the time when it was alleged to have been committed. He has not been misled and his conviction here is a bar to any subsequent prosecution for the same offense.

The entry must therefore be,

*Exceptions overruled.*
*Judgment for the State.*