### 13400. DEDGE *v.* THE STATE.

1. Under the facts of the case the court did not err in allowing the solicitor of the city court to amend the accusation.
2. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED MAY 9, 1922.

Accusation of larceny from house; from city court of Blackshear — Judge Mitchell. January 28, 1922.

*James R. Thomas,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.

BROYLES, C. J. The first headnote above needs elaboration. Owen Dedge was tried in the city court of Blackshear for the offense of larceny from the house. The accusation charged that the defendant " on the 3rd day October, 1920, with force and arms, one winchester pump-gun, of the value of $20.00, being the goods and chattels of one E. J. Dixon, in the dwelling house of the said E. J. Dixon being found, him the said Owen Dedge then and there from the said dwelling house feloniously, wrongfully, privately, fraudulently, and with intent to steal, the said Owen Dedge did then and there take and carry away with him, the said Owen Dedge having then and there entered *said* store-house with intent to steal." (Italics ours.) No demurrer to the accusation was filed, but issue was joined, and testimony was introduced by the State, E. J. Dixon testifying that the gun in question was stolen from his dwelling house. Thereupon counsel for the defendant moved that the accused be given a verdict of acquittal, on the

ground that the accusation charged that the gun was stolen from Dixon's store-house, and the evidence disclosed that it was stolen from his dwelling house. The solicitor stated that the use of the words " store-house," occurring in the latter part of the accusation, was a clerical error, and asked that he be allowed to amend the accusation by inserting in lieu thereof the words "dwelling-house." This amendment was allowed over the objections of the accused, and to this judgment the defendant excepted.

We see no merit in this exception. The original accusation, properly construed, shows that the defendant was charged with stealing the gun from the dwelling house of Dixon, and that the use of the words "store-house," in the latter portion of the ac-·cusation, was a mere clerical error. The words " dwelling house " had been used twice in the accusation, and subsequently therein the word " said," occurring immediately before the words " store-house," clearly shows that the aforementioned house, to wit, " dwelling house," was intended to be referred to. See, in this connection, *Kincade* v. *State,* 14 *Ga. App.* 544, 547 (81 S. E. 910). Even without the amendment, the accusation contained a full and complete charge against the defendant, and he was given proper notice of the charge against him. The last allegation in the accusation, to wit, " the said Owen Dedge having then and there entered said store-house with intent to steal," was surplusage and could have been so treated.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*