STEVE B. ROBERTS, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed February 13, 1928.

*H. P. Philpot,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, for Defendant in Error.

ELLIS, C. J.—The plaintiff in error sought to be discharged upon a writ of *habeas corpus* from the custody of the sheriff, who detained him by virtue of a commitment from the circuit court of the county. The commitment rested upon a judgment of the circuit court adjudging the petitioner to be guilty of murder in the second degree and sentencing him to a term in the State prison.

A writ of error was taken to that judgment and the Supreme Court affirmed it on the 11th day of July, 1927. See Roberts v. State, 94 Fla. 149, 113 South. Rep. 726.

The sheriff's return to the writ of *habeas corpus* con-

tained the following sentence: "Copies of said Commitment and reprieve are hereto attached and made a part hereof, *said case having been appealed to Supreme Court of Florida and affirmed by that Court this court is without jurisdiction.*"

The petitioner moved the court to strike from the sheriff's return that portion of it containing the words underscored above. The motion was denied and the petitioner was remanded to the custody of the sheriff. To that order or judgment the petitioner took a writ of error. No evidence was submitted on the hearing. The petition, a copy of the indictment, the return of the sheriff and a stipulation of counsel to the effect that the petitioner was tried upon an indictment, of which a copy was attached to the petition, was convicted of murder in the second degree, was sentenced to the State prison for a period of years, and that a motion for a new trial was made and overruled and that the Supreme Court had affirmed the judgment, were before the court in the *habeas corpus* proceedings.

The petitioner, by his counsel, says that the indictment on which he was tried "wholly fails to state any offense under the laws of the State of Florida." The proposition rests upon the use in the indictment of the word "premediated" in the phrase: "did then and there unlawfully and from a premediated design to effect the death," etc., kill and murder him, the said William A. Stone.

On a writ of error to the judgment of conviction a motion to quash the indictment was included in the bill of exceptions, but it did not appear in the record proper where it should have appeared if the plaintiff in error desired to have the ruling upon it reviewed. It is too late to consider the effect of imperfections in the indictment after a trial, conviction and affirmance by the Supreme

Court of the judgment. A writ of *habeas corpus* cannot be made to serve the purpose of a writ of *coram nobis* or writ of error.

The imperfection in the indictment was waived by the petitioner. It was one that he could waive as the word "premediated," while obsolete, occurred in the indictment obviously as the result of an omission of the letter "t" by the typist or person who wrote the indictment and appears at a glance to be the word "premeditated" and if accented on the second syllable sounds much like that word. The verbal inaccuracy, if it may be so called, was explained and corrected by the necessary intendment from other parts of the indictment which alleged that the accused by means of a pistol then loaded with gunpowder and leaden bullets, which the defendant held in his hand and from a ———— design to effect the death of Stone did shoot off and discharge at and upon Stone, unlawfully striking him, inflicting upon him a mortal wound from which Stone died, and in that manner the defendant "did kill and murder" Stone. From such language it cannot be said that the defendant was misled by the clerical or typographical omission of the letter "t" from the word "premeditated." See State v. LaFlamme, 116 Me. 41, 99 Atl. Rep. 772.

If the word "premediated" was a mere jumble of words without meaning or significance there might be something of the color of merit in counsel's contention but such is not the case as the word, while not in common use, is even obsolete, that is antiquated and out of use; it, nevertheless, is so related in orthography and sound to the word "premeditated" that when read in connection with the context it cannot be said to have misled the petitioner to his injury.

The order remanding the prisoner was correct. See Dukes v. State, 81 Fla. 247, 88 South. Rep. 474; State v. Logan, 87 Fla. 348, 100 South. Rep. 173.

The motion of the Attorney General to dismiss the writ of error is granted.

Writ of error dismissed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion and the judgment.