46590.   HIGGINBOTHAM v. THE STATE.

EBERHARDT, Judge. This is an appeal from a judgment of conviction and sentence for theft by receiving stolen goods. *Held:*

1. The evidence was sufficient to sustain the conviction, and the general grounds of the motion for new trial are without merit.

2. It was not error to refuse to allow appellant's counsel to read to the jury portions of *Shropshire v. State,* 81 Ga. 589, 592 (8 SE 450) concerning the character of one accused of robbery. At no time during the trial was appellant's character placed in issue, and the portion of the case sought to be read from was not germane to the issues being tried. See *Glover v. State,* 15 Ga. App. 44, 52 (82 SE 602).

3. The court charged the jury that if the appellant did not explain his possession of the stolen property to the reasonable satisfaction of the jury, then the fact that he was found in possession of it recently after the theft could raise an inference of guilt upon which the jury would be authorized to convict. Under the majority decision of this court in *Gaskin v. State,* 119 Ga. App. 593, 594 (168 SE2d 183), approving the rulings made in *Bird v. State,* 72 Ga. App. 843 (7) (35 SE2d 483), *Austin v. State,* 89 Ga. App. 866, 868 (81 SE2d 508), *Washington v. State,* 96 Ga.

App. 844, 845 (101 SE2d 885), and *Clarke v. State,* 103 Ga. App. 739 (3) (120 SE2d 673), and overruling conflicting cases, this court is now committed to the rule that unexplained possession of recently stolen goods can be used *in conjunction with other evidence* to infer guilty knowledge, but *standing alone* it will not support the inference or authorize a conviction. See the discussion of these cases in 22 Mercer L. Rev. 481. In the instant case there was other evidence which, if believed by the jury, would have authorized the jury to infer guilty knowledge. However, such a finding was not demanded, and since the evidence did not demand a guilty verdict, the error in the charge cannot be said to be harmless. *Moyers v. State,* 58 Ga. App. 237, 239 (198 SE 283).

*Judgment reversed. Hall, P. J., and Whitman, J., concur.* SUBMITTED SEPTEMBER 20, 1971—DECIDED SEPTEMBER 29, 1971.

*Glyndon C. Pruitt,* for appellant.
*Reid Merritt, District Attorney, Gary L. Davis,* for appellee.