### 47368. REIDLING v. THE STATE.

DEEN, Judge. Reidling was tried and convicted of theft by receiving stolen property, a diamond ring, knowing it to have been stolen. It is uncontradicted that the ring, which was on his person at the time of his arrest, was part of the proceeds of a jewel theft which had occurred some three weeks previously. The defendant offered sworn testimony that he had obtained it in a trade for an automobile transmission from his uncle, Billy Birt, which explanation was supported by Birt's own testimony and that of three other witnesses who testified that they were present when the transaction took place. Other testimony tended to indicate that Birt had made inconsistent statements about the source of his possession and that the defendant had, immediately before his arrest, slipped it off his finger to prevent it from being observed. *Held:*

The case is reversed solely because of the following error in the charge: "If you find that the property was stolen and was found thereafter in the possession of the defendant, then you have a right to consider such evidence in arriving at your verdict. Now, if the possession was recent, absolute, or unexplained, such possession would raise an inference of guilt of the defendant . . . If there was such possesssion but you do not find it to be recent and absolute or if it was satisfactorily explained by the defendant, then there would be no inference of guilt. Otherwise, you may consider such evidence as an inference of guilt and give it such weight as you see proper . . ." Proof of recent possession alone, while sufficient to authorize an inference of guilt as to the principal thief,

is not without proof of circumstances from which scienter may be established, sufficient to support a conviction for possession of property knowing it to have been stolen. *Bird v. State,* 72 Ga. App. 843 (4) (35 SE2d 483); *Gaskin v. State,* 119 Ga. App. 593 (1) (168 SE2d 183); *Johnson v. State,* 122 Ga. App. 769 (1) (178 SE2d 772); *Higginbotham v. State,* 124 Ga. App. 489 (3) (184 SE2d 231). The trial court erred in overruling the motion for new trial.

*Judgment reversed. Eberhardt, P. J., and Clark, J., concur.* ARGUED SEPTEMBER 13, 1972—DECIDED SEPTEMBER 22, 1972.

*Quillian & Quillian, Alfred A. Quillian,* for appellant. *Nat Hancock, District Attorney,* for appellee.