## 48078. WEST v. THE STATE.

QUILLIAN, Judge. The defendant, along with 2 others, was indicted for the offense of armed robbery in that by use of a knife certain property and money were taken from a named individual. The case came on for trial at which the defendant was convicted by a jury for robbery by intimidation and was duly sentenced to 4 years confinement. A motion for new trial and an amended motion for new trial filed by the defendant were overruled. From that judgment the defendant appeals to this court. *Held:*

1. The following charge is enumerated as error: "Now, I charge you that intent to commit theft is a material element in the crime of robbery, either armed or otherwise, and intent may be shown in many ways provided you, the jury, believe that it existed from the facts proven before you. *Intent* may be inferred from the proven circumstances or by acts and conduct, or it *may be presumed when it is the natural and necessary consequence of an act.*" (Emphasis supplied.) The defendant contends that this charge is contrary to our holding in *Williams v. State,* 126 Ga. App. 454 (4) (191 SE2d 100). In that case, this court held that a charge ". . . the law presumes that every action which is itself unlawful was criminally intended until the contrary is made to appear . . ." was contrary to the express language of the Criminal Code of Georgia § 26-605 (Ga. L. 1968, pp. 1249, 1269) and hence was error. See also *Shields v. State,* 126 Ga. App. 544 (2) (191 SE2d 448).

In a recent case, *Daniels v. State,* 230 Ga. 126 (195 SE2d 900), the following charge was considered and approved. "Now, I charge you that intent to commit theft is an essential element or ingredient of the crime of armed robbery. Intent may be shown in many ways provided you, the jury, believe it existed from the proven facts before you. It may be inferred from the proven circumstances or by acts and conduct, or it may be presumed when it is the natural and necessary consequence of an act." See *Bloodworth v. State,* 129 Ga. App. 40 (2), and cases cited therein, where such charge was approved despite a contention similar to the one made in this case.

Criminal Code of Georgia § 26-604 (Ga. L. 1968, pp. 1249, 1269) which immediately precedes Code Ann. § 26-605 recites: "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted." The charge in the case sub judice uses the same language as the Code section except the word "necessary" was used in the place of the word "probable." Since necessary is a more restrictive term than probable, there could be no error harmful to the defendant in giving the charge.

2. The defendant contends that since the evidence showed an offensive weapon was used to commit the offense that the defendant could not be convicted of robbery by intimidation. The Supreme Court in the recent case of *Holcomb v. State,* 230 Ga. 525, has held in answer to our certified question that evidence authorizing a conviction of robbery by the use of an offensive

weapon would likewise authorize a conviction of robbery by intimidation. The trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED APRIL 3, 1973 — DECIDED JUNE 21, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Morris Rosenberg, James H. Mobley, Jr.,* for appellee.