Eberhardt, Presiding Judge.
G. W. and L. H., minors, were apprehended on a Monday while in an automobile which had been stolen from the lot of a sales agency at Brunswick in Glynn County some time between closing of the business Saturday night and Sunday noon, when it was discovered to be missing. They were parked alongside the road. The description of the car and a check of the license thereon confirmed that it was the stolen vehicle. G. W. had in his pocket a key to another vehicle on the sales lot, which had a tag affixed identifying it as a key to another vehicle on the sales agency’s lot and which had been kept in the office of the sales agency along with others, and on trial it fit the lock of the indicated vehicle. Other keys with which it had been kept were scattered about on the office floor. G. W. offered no explanation as to his possession of the key, and neither of them offered any explanation as to their possession of the car. They were delivered to the juvenile court of Glynn County for an adjudicatory hearing, and upon a hearing there were adjudications of juvenile delinquency as to each of them and orders directing that each of the offenders "be returned to his county of residence and disposition be left at the discretion of the Juvenile Court of said county.”
Notice of a joint appeal was entered on behalf of each of the minors but no certificate of appealability was obtained from the court. Held:
1. An adjudicatory order is not a final judgment. D.C.E. v. State, 130 Ga. App. 724 (204 SE2d 481). It has been held to be no more final than an arraignment in the criminal court, or a pre-trial order in the civil court, M. E. B. v. State, 230 Ga. 154 (195 SE2d 891), and consequently an appeal will not lie therefrom without the certificate required by Code Ann. § 6-701 (a 2). We simply have no jurisdiction to entertain the appeal. Cf. Kitchens v. State, 221 Ga. 298 (144 SE2d 368).
2. Appellants contend that since the matters are being transferred to the county of their residence in *500 Florida[1] under Code Ann. § 24A-3001, whereupon the juvenile court of Glynn County will lose jurisdiction, the adjudicatory orders are final and appealable without certificates.
Argued June 27, 1974
Decided July 10, 1974
Rehearing denied July 24, 1974
Eric G. Kocher, for appellants.
Glenn Thomas, Jr., District Attorney, Cletus W. Bergen, II, for appellee.
We cannot agree. Whether the offenders were transferred to another county of this state or of another state, the adjudicatory order, being no more final than an arraignment or a pre-trial oider, simply cannot be a final judgment.
Since this is a civil matter and not criminal in nature, Hampton v. Stevenson, 210 Ga. 87 (1) (78 SE2d 32); Robinson v. State, 227 Ga. 140 (179 SE2d 248); M. E. B. v. State, 230 Ga. 154,156, supra, the principle of McAuliffe v. Rutledge, 231 Ga. 1, 3 (200 SE2d 100) has no application here.

Appeal dismissed.

Deen and Stolz, JJ., concur.

 While the orders make no reference to whether the county of the residence of the defendants is in this state or in another state, the petitions did recite as to G. W. that his mother resides at 761 W. Adams St., Jacksonville, Florida and that he resides at the same place, and as to L. H. that his mother resides at 1056 Church St., Jacksonville, Florida and that he resides at the same place.