Marshall, Judge.
This court’s decision that it did not have jurisdiction of the appeal, G. W. v. State, 132 Ga. App. 499 (208 SE2d 356), was reversed on certiorari by the Supreme Court in. 233 Ga. 274. We now consider the merits of the appeal.
Appellants’ sole enumeration of error is that the evidence presented at the juvenile court adjudicatory hearing did not show beyond a reasonable doubt that the defendants committed the act alleged in the petition, to wit, theft by receiving stolen property.
The evidence, summarized in the first paragraph of our opinion, G. W. v. State, 132 Ga. App. 499, supra, supports the judgment of the juvenile court that appellants committed the act alleged. "[U]nexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge, but standing alone it will not support the inference or authorize a conviction.” Higginbotham v. State, 124 Ga. App. 489, 490 (184 SE2d 231); Reidling v. State, 127 Ga. App. 93 (192 SE2d 531); Brown v. State, 133 Ga. App. 56 (5) (209 SE2d 721).
*713 Decided January 16, 1975.
Eric G. Kocker, for appellants.
W. Glenn Thomas, District Attorney, Cletus W. Bergen, II, Assistant District Attorney, for appellee.
Here, recent possession is not "standing alone.” The appellants at no time offered an explanation of their possession of the stolen vehicle. A key which fit a vehicle parked on the same lot from which the stolen vehicle was removed, was found in the pocket of one of the appellants. Other keys were found strewn on the floor of the sales office and in the car lot. This evidence, in conjunction with recent possession, was sufficient to infer guilty knowledge.

Judgment affirmed.

Deen, P. J., and Stolz, J., concur.