## 50315. HILTON v. THE STATE.

PANNELL, Presiding Judge.

Defendant, in three separate indictments relating to three different automobiles was charged in each with the offense of motor vehicle theft and theft by receiving stolen property. He was convicted for receiving stolen property in all three indictments. He was given 7 years in each case to run concurrently. On his appeal to this court he seeks reversal on the grounds of insufficiency of evidence, the giving of a charge relating to possession of stolen property, and the failure to give a requested charge. *Held:*

1. The evidence was sufficient to sustain the conviction.

2. The trial judge charged the jury as follows: "I further charge you that you would be authorized to convict the defendant if you should find beyond a reasonable doubt that the defendant had actual or constructive possession either or jointly with others.

"I charge you that if the crime of auto theft or crimes of auto theft should have been committed as charged on these indictments and certain personal property or automobile as set forth in the indictment was stolen as a result of such crime, and if presently thereafter the defendant shall be found in possession of the stolen property or any of the stolen property, that would be a circumstance, along with all the other evidence adduced, from which the jury may infer guilt, unless, of course, the defendant should make an explanation of his possession of the stolen property consistent with the plea of innocence which again, is a question for you, the jury, to determine."

In view of the decisions of this court in *Bird v. State,* 72 Ga. App. 843 (4) (35 SE2d 483); *Higginbotham v. State,* 124 Ga. App. 489 (3) (184 SE2d 231); *Gaskin v. State,* 119 Ga. App. 593, 594 (168 SE2d 183), and other cases, this charge is error as unexplained possession of recently stolen goods standing alone will not support the inference of guilty knowledge or authorize a conviction of theft by receiving stolen property, though it would as to the charge of direct theft of the automobiles.

3. The request to charge, on this same subject matter contained inappropriate language and there was no error in refusing to give the charge requested.

*Judgment reversed. Quillian and Clark, JJ., concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 7, 1975 — REHEARING DENIED APRIL 22, 1975.

*Horton J. Greene,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Donald G. Frost, Joseph J. Drolet, Assistant District Attorneys,* for appellee.