## 50573. RIDLEY v. THE STATE.

STOLZ, Judge.

1. In the trial for the offense of motor vehicle theft (of a bulldozer), the trial judge erred in admitting in evidence over objection an "agreement" entered into between the

bulldozer owner, Renfroe, and the defendant's father, E. D. Ridley, in which E. D. Ridley agreed to indemnify Renfroe for any loss or damage incurred by E. D. Ridley's operation of the bulldozer on or about September 6, 1974 (the date of the alleged offense) and stipulated that said operation was unlawful and unauthorized. E. D. Ridley was not a co-defendant in these proceedings. The defendant was not a party to the indemnity agreement. There was *no* evidence that E. D. Ridley was involved in the theft of the bulldozer. The indemnity agreement had absolutely no relevance to the issue being tried. It could serve only to prejudice. The defendant's counsel's objections to the exhibit and the testimony surrounding it, as to hearsay and lack of relevance, should have been sustained. The exhibit and the surrounding testimony were sufficiently prejudicial to the defendant as to require a new trial of the case.

2. The remaining enumerated errors are without merit.

*Judgment reversed. Deen, P. J., concurs. Evans, J., concurs specially.*

ARGUED APRIL 29, 1975 — DECIDED JUNE 19, 1975 — REHEARING DENIED JULY 3, 1975 —

*Little & Adams, Robert B. Adams,* for appellant.
*Samuel J. Brantley, District Attorney,* for appellee.

EVANS, Judge, concurring specially.

I concur in the judgment of reversal, but the majority opinion holds that no error is present except in one instance, to wit: the introduction of an indemnity agreement to pay damages for the stolen vehicle. I agree the foregoing was error, but not the only error in this case.

The first enumeration of error complains because the trial judge charged the jury that the "recent possession of stolen property would raise an inference of guilt of the defendant." (T. pp. 134, 135.) Judge Eberhardt, concurred in by Judges Hall and Whitman, in the case of *Higginbotham v. State,* 124 Ga. App. 489 (3), 490 (4) (184 SE2d 231), made it very plain that *unexplained possession*

*of property can not be sufficient to convict except that it be used in conjunction with other evidence to infer guilty knowledge.* Several other cases are cited in support, showing that all conflicting cases have been overruled. Therefore, to charge as was done here, in my opinion, constitutes one additional error in this case, and I feel it should be made plain to the trial court before this case is tried again. Also see *Reidling v. State,* 127 Ga. App. 93, 94 and cases there cited.