## 51458. POUNDS v. THE STATE.

WEBB, Judge.

Michael Pounds was convicted of theft by taking and he appeals, complaining principally of the overruling of his motion for new trial on the general grounds. The subject of the taking was a vacant mobile home belonging to Ed Brooks which defendant admitted towing away from its lot in Talbot County and storing at a trailer park in Columbus which he leased. His explanation at trial was that Gwendolyn Burgman, a woman he met beside a road, had given him a check for $125 to move it and that he thought he had been authorized to do so. However, Ms. Burgman was not produced as a witness at trial, and the check was never tendered for payment. There was evidence that when the trailer was moved the plumbing was not disconnected but cut and ripped out, the sewage line was pulled loose out of the ground, and the air conditioning duct work was ripped out and scattered all over the lot.

In rebuttal to defendant's explanation, Sharon Hammrich, an employee at the trailer park, testified about a conversation between defendant and his sublessee at the park: "Well, Mr. Morris asked Mr. Pounds about the trailer, and Mr. Pounds made the statement that he could have bought the trailer for $1,000, and Mr. Morris asked him if he didn't realize that the trailer was stolen at that time. And he said, yes." The witness also testified that defendant had said that a man, rather than a woman, offered him $125 to move the trailer.

The jury chose not to believe defendant's explanation and returned the guilty verdict. *Held:*

1. The court charged the jury that recent possession of the stolen trailer was a circumstance from which a factual inference of guilt of the crime could arise and would authorize a conviction unless the defendant's possession was explained to the satisfaction of the jury. This charge has been approved many times (see, e.g., *Aiken v. State,* 226 Ga. 840, 843 (2) (178 SE2d 202); *Horton v. State,* 228 Ga. 690, 692 (187 SE2d 677); *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251)), and this court is not in a

position under the evidence here to control the jury's rejection of his explanation. *Brown v. State,* 125 Ga. App. 300 (187 SE2d 301); *Brown v. State,* 133 Ga. App. 56, 58 (5) (209 SE2d 721). Accordingly enumerations of error 1 through 8, dealing with the sufficiency of the evidence, are without merit.

2. The complained-of charge on intent was approved in *West v. State,* 129 Ga. App. 271, 272 (1) (199 SE2d 354) and cases cited. Enumeration 11 is without merit.

3. Enumeration of error 12 is not supported by the record, as corrected and supplemented, which shows without dispute that the matter complained of was a typographical error of the court reporter in taking down the charge.

4. Under the authority of cases cited in Division 1, the court's charge on recent possession of stolen goods was not an erroneous burden-shifting charge. Accord, *Jacobs v. Caldwell,* 231 Ga. 600 (203 SE2d 188).

5. No objection was made to the cross examination complained of in Enumeration 10 (*Newberry v. State,* 126 Ga. App. 81, 82 (2) (189 SE2d 891)), and Enumeration 9, complaining of the sustaining of an objection to an answer, fails to show reversible error. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

6. From the comments of the trial court in passing sentence it is clear that the court considered "repeated rumors about you being in the receiving stolen goods business, especially since this case was made." Code Ann. § 27-2503 does not authorize the consideration of rumor at the pre-sentence hearing, and a new trial must be ordered on the issue of punishment. Code Ann. § 27-2503.

*Judgment of conviction affirmed; reversed and remanded on the issue of punishment. Bell, C. J., and Marshall, J., concur.*

Submitted November 3, 1975 — Decided November 14, 1975 — Rehearing denied December 3, 1975.

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,*

for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.