## 53374. HAUGABROOK v. THE STATE.

WEBB, Judge.
Nathaniel Haugabrook was convicted of two counts of theft by receiving stolen property. He appeals from the denial of his motion for new trial, relying solely on the general grounds and specifically that the state failed to prove that the property in question was in fact stolen or that he knew or should have known that it was stolen, which are essential elements for conviction under Criminal Code § 26-1806. We find no error.

Two witnesses testified as to how they removed merchandise from Redman Industries' plant late at night and delivered it in a rented U-Haul truck to Haugabrook's house where he paid them for it. The general manager and the materials manager of Redman Industries identified the merchandise found in Haugabrook's possession by the serial numbers as items they had purchased, and testified that no one was authorized to go in the plant and remove merchandise after 6:00 p.m. when it closed.

As pointed out by the Supreme Court in remanding this case for further consideration,[1] the law as recently established is that "possession of recently stolen goods, unaccounted for, raises an inference that the possessor is

---

[1]*Haugabrook v. State,* 238 Ga. 722 (235 SE2d 385) (1977).

the one who stole the goods, unless he makes an explanation of his possession consistent with his innocence." *Thomas v. State,* 237 Ga. 690, 692 (2) (229 SE2d 458) (1976); *Parrish v. Hopper,* 238 Ga. 468 (1) (233 SE2d 161) (1977). While these cases involve convictions for burglary rather than for theft by receiving stolen property, it would seem that to convict a defendant under Criminal Code § 26-1806, it must be shown that the goods were stolen and there must be an absence or unsatisfactory explanation of that possession. Cf. *Selph v. State,* 142 Ga. App. 26, 29 (1) (1977).

"This court is still committed to the rule that unexplained possession of recently stolen goods is not sufficient in itself to authorize a conviction for receiving stolen goods, but that such possession may be used in conjunction with other evidence, such as that noted above, to infer the knowledge required by the statute. *Higginbotham v. State,* 124 Ga. App. 489 (3) (184 SE2d 231)." *Homer v. State,* 137 Ga. App. 485 (224 SE2d 117) (1976).

" '[T]he question of whether the explanation of the possession offered by the defendant in his statement alone, that he found the property, is a satisfactory explanation, is a question for the jury.' *Chubbs v. State,* 204 Ga. 762 (1) (51 SE2d 815)." *Queen v. State,* 131 Ga. App. 370 (1) (205 SE2d 921) (1974).

"After a verdict, approved by the trial court, the evidence must be construed by this court in its light most favorable to the prevailing party with every presumption and inference being in favor of upholding that verdict. [Cits.]" *Green v. State,* 123 Ga. App. 286, 287 (3) (180 SE2d 564) (1971). It is clear that the jury here determined that Haugabrook's explanation was not adequate and the evidence presented by the state was ample to support the verdict. See *Pounds v. State,* 136 Ga. App. 852 (222 SE2d 629) (1975).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED JUNE 23, 1977 — REHEARING DENIED JULY 5, 1977 —

*Roberts, Roberts & Rainwater, Guy Velpoe Roberts,* for appellant.

*D. E. Turk, District Attorney,* for appellee.