## 55668. BORGH v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his misdemeanor conviction for theft by receiving stolen property. *Held:*

1. The defendant admitted purchasing the stolen poultry but denied he had any knowledge that the goods were stolen. His counsel argues that the circumstantial evidence adduced was insufficient to sustain his conviction.

Defendant, a grocer, purchased chickens from a wholesaler, Gold Kist, on an open credit account. He received frequent, almost daily, deliveries of chickens through orders placed by him with Gold Kist. The orders were invoiced to him. As normal procedure, changes which reduced the order were indicated on invoices left with the defendant, while increases were obtained by calling Gold Kist's office.

The truck driver for Gold Kist testified the defendant asked him "did I ever have anything extra on my truck?" After initially declining to furnish the defendant with any goods, after repeated requests the truck driver let the defendant have a 65 pound box of chickens. The defendant gave the truck driver $15 for the box. The defendant was given no receipt and no entry was made on the invoice or any change order procured. For a smaller box of chickens the defendant gave the truck driver $10.

This practice continued, culminating in sales of 3 boxes of chickens as to which the defendant is charged with theft by receiving. The truck driver did not notify his company about the transaction or turn in the money. The defendant obtained no receipt, no invoice changes were made and transactions were not verified with Gold Kist as required. The price paid for the chickens was approximately one-half the market value. The defendant was never expressly told the goods were stolen.

650

In a theft by receiving case, guilty knowledge is not shown by mere possession of the goods. *Gaskin v. State,* 119 Ga. App. 593 (168 SE2d 183); *Johnson v. State,* 122 Ga. App. 769 (1) (178 SE2d 772). However, possession coupled with other circumstances and evidence may be used to infer the knowledge required by statute. *Higginbotham v. State,* 124 Ga. App. 489 (184 SE2d 231). *Homer v. State,* 137 Ga. App. 485 (224 SE2d 117). Here the departure from standard business practice, the disproportionate price, defendant's conduct in keeping no records, dealing strictly in cash, the suspicious manner of the truck driver in the same matter by failing to keep records or furnish receipts; the initial effort by the defendant to obtain "something extra" from the truck driver — all are circumstances tending to show guilty knowledge. " 'Knowledge that goods are stolen . . . may be shown by circumstances which would excite suspicion in the mind of an ordinarily prudent man.' " *Hudgins v. State,* 125 Ga. App. 576, 578 (188 SE2d 430). Accord, *Lee v. State,* 239 Ga. 769, 779 (238 SE2d 852). The defendant's explanation that he was always in a hurry and wished to expedite the transactions raised an issue for the jury but did not serve to totally negate the effect of the circumstantial evidence.

The jury having resolved the issues of fact, this court will not interfere.

2. A charge on the Criminal Code of Georgia § 26-604 (Code Ann. § 26-604; Ga. L. 1968, pp. 1249, 1269) was not burden-shifting. *Gatlin v. State,* 236 Ga. 707, 709 (6) (225 SE2d 224).

*Judgment affirmed. Webb and McMurray, JJ., concur.*

Argued April 5, 1978 — Decided June 19, 1978—
Rehearing denied July 13, 1978.

*Glenn Zell,* for appellant.
*Hinson McAuliffe, Solicitor, Deborah S. Greene, Assistant Solicitor,* for appellee.