## 56360. CALLAHAN v. THE STATE.

BANKE, Judge.

The defendant was charged in a single indictment with theft by taking and theft by receiving stolen property. Both counts involved the same motor vehicle. A third count in the indictment charged him with having two previous convictions for motor vehicle theft, thereby rendering him potentially eligible for recidivist punishment under Code Ann. § 26-1813 (b) (Ga. L. 1968, pp. 1249, 1295; 1969, pp. 857, 861). By a general verdict of guilty, the defendant was convicted of both counts of theft, and he now appeals the denial of his motion for new trial. *Held:*

1. It was not error to overrule the defendant's demurrer to the indictment, which was based on the contention that the indictment did not state with sufficient specificity the date of the alleged thefts. The offenses were alleged to have occurred "between June 30, 1977, and July 7, 1977." We hold that in view of the fact that the stolen vehicle was precisely identified by make, year, model, and serial number, the indictment adequately enabled the defendant to prepare his defense and adequately protected him both against undue surprise at trial and against subsequent prosecution for the same offense. Therefore, the failure to specify the exact date of the offense did not render the indictment demurrable for vagueness. See generally *DePalma v.*

*State,* 225 Ga. 465, 469 (169 SE2d 801) (1969); *Caldwell v. State,* 139 Ga. App. 279 (228 SE2d 219) (1976).

2. The defendant filed a plea in abatement in which he charged the district attorney with having sought the indictment against him without giving sufficient consideration to the possibility that the owner of the stolen vehicle might have disposed of it voluntarily and then reported it stolen in a scheme to collect insurance money. While such an allegation might have been the basis for a valid defense to the theft charges, if it could have been proven, it does not point to any defect in the indictment itself. Therefore, it does not constitute a valid basis for a plea in abatement.

3. The plea in abatement is based on the further contention that the portion of the indictment charging the defendant with having two previous motor vehicle theft convictions is invalid because those convictions resulted from guilty pleas which were not entered knowingly and voluntarily. This contention is also without merit. The time for a defendant to challenge the validity of the convictions on which a recidivism charge is made is when the state attempts to prove them at the sentencing. See Code Ann. § 26-1813 (c) (2) (i), supra. It is not necessary for the state to prove that a defendant's prior convictions are valid in order merely to allege them in the indictment. Of course, the alleged recidivism of the accused may not be disclosed to the jury during the guilt/innocence phase of the trial. See *Riggins v. Stynchcombe,* 231 Ga. 589, 593 (203 SE2d 208) (1974).

4. The general grounds of the motion for new trial were properly overruled. The evidence established that sometime in early July of 1977 the defendant stopped by a friend's auto body shop with the motor vehicle in question and stated that it was his. He left it there and, later, when asked by his friend's partner at the body shop what should be done with it, replied, "I don't care what you do with it." The partner then traded it for an "old A-Model Coupe worth about 35 dollars in Chinese money" in order to be "rid of it."

The evidence of recent unexplained possession of the stolen vehicle was sufficient in itself to support a conviction for theft by taking. See *Byrd v. Hopper,* 234 Ga.

248 (215 SE2d 251) (1975); *Selph v. State,* 142 Ga. App. 26 (1) (234 SE2d 831) (1977). The additional evidence showing the manner in which the defendant disposed of the vehicle was sufficient to establish the guilty knowledge essential to support a conviction for theft by receiving stolen property. See generally *Higginbotham v. State,* 124 Ga. App. 489 (3) (184 SE2d 231) (1971); *Hilton v. State,* 134 Ga. App. 590 (2) (215 SE2d 261) (1975).

5. Since the proof of recent unexplained possession was sufficient in itself to prove theft by taking but was only one element necessary to prove theft by receiving, theft by taking must be considered an included offense in theft by receiving in this case as a matter of fact. See generally Code Ann. § 26-505 (a).

"When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other . . ." Code Ann. § 26-506 (a). The trial judge accordingly erred in entering judgment on both offenses, and the conviction for the included offense, theft by taking, is hereby vacated. See *Estevez v. State,* 232 Ga. 316 (206 SE2d 475) (1974); *Burke v. State,* 234 Ga. 512 (3) (216 SE2d 812) (1975); *Chumley v. State,* 235 Ga. 540 (2) (221 SE2d 13) (1975); *Keener v. State,* 238 Ga. 7 (230 SE2d 846) (1976).

6. "A defendant can not demur to an indictment, as this defendant is shown to have done, and then claim, as he does, that he has never been arraigned or afforded an opportunity to plead, for he pleaded to the merits when he presented the issue of law; and although that plea was put in without being formally arraigned, he had a right to waive arraignment, and by his conduct did waive it." *Kincade v. State,* 14 Ga. App. 544, 547 (81 SE 910) (1914), as quoted in *Baskin v. State,* 137 Ga. App. 840 (1), 841 (225 SE2d 77) (1976).

7. "The granting of a motion for a continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. Code § 81-1419; [Cits]." *Blackston v. State,* 209 Ga. 160 (2) (71 SE2d 221) (1952). See *Daniels v. State,* 219 Ga. 381 (1) (133 SE2d 357)

(1963).

Defense counsel moved for a continuance based on inadequate time to prepare his case. The record indicates that counsel assumed responsibility for the case on September 19, 1977, and that the trial began on September 22, 1977. He stated that he had had conversations with the defendant previous to that date, but had never been paid a retainer. Under these circumstances, and in the absence of any showing of why more time was needed to prepare the case (the defense presented only one witness), we find no abuse of discretion in the denial of the motion for continuance. See *Charlon v. State,* 106 Ga. 400 (2) (32 SE 347) (1898); *Duke v. State,* 104 Ga. App. 494 (1) (122 SE2d 127) (1961); *Lindsey v. State,* 138 Ga. App. 377 (1) (226 SE2d 473) (1976).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 16, 1978 — REHEARING DENIED DECEMBER 1, AND DECEMBER 20, 1978 — ■

*John F. Sheehy,* for appellant.
*Frank C. Mills, III, District Attorney, William R. Pardue, Assistant District Attorney,* for appellee.