57827. JAMES v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for the offense of theft by receiving stolen property, a certain Chevrolet automobile (new), being the property of Hassett-Dearing Chevrolet Co., Inc., and alleging that the defendant knew or should have known the property was stolen and that he received it without intent to restore it to the owner. He was convicted and sentenced to serve a term of seven years. A motion for a new trial was filed and denied, and defendant appeals. *Held:*

1. Unexplained possession of recently stolen property can be used in conjunction with other evidence to infer guilty knowledge, but standing alone it will not support the inference or authorize a conviction for the offense of theft by receiving stolen property. Code Ann. § 26-1806 (Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859); *Higginbotham v. State,* 124 Ga. App. 489, 490 (184 SE2d 231); *Homer v. State,* 137 Ga. App. 485 (224 SE2d 117); *Haugabrook v. State,* 142 Ga. App. 714, 715 (236 SE2d 890). Compare *Selph v. State,* 142 Ga. App. 26, 29 (234 SE2d 831).

2. The sole contention of the defendant here is that the evidence was insufficient although admitting that he had been in recent possession of the stolen property. Defendant contends that this evidence standing alone is

not sufficient for a conviction of receiving stolen goods, citing *Haugabrook v. State,* 142 Ga. App. 714, 715, supra. However, this was not the only evidence against him as the totality of the evidence shows that the defendant had been an employee of the owner of the automobile shortly before the new Chevrolet disappeared from the premises of the owner. It was a new vehicle without a license tag or inspection sticker, and it still had a price sticker on the window as well as a dealership paper on one of the windows when it was recovered from the possession of the defendant. The defendant gave several conflicting statements to different witnesses with reference to the reason that the automobile was in his possession i.e., "He bought it;" "he had rented the car;" and "he was trying to sell the car for a dude in Bloomingdale," and when arrested that he "did not know anything at all about . . . [the car]." The defendant did not testify but the statements he made to these witnesses were allowed in evidence. Whether or not his explanation of the possession, all of which was inconsistent, was in any wise a satisfactory explanation is a question for the jury. See *Chubbs v. State,* 204 Ga. 762 (1) (51 SE2d 815); *Queen v. State,* 131 Ga. App. 370 (1) (205 SE2d 912); *Pounds v. State,* 136 Ga. App. 852 (222 SE2d 629); *Haugabrook v. State,* 142 Ga. App. 714, 715, supra. In view of the jury's verdict in this case it is clear that the jury determined that the defendant James' explanation was not adequate and the evidence presented by the state was ample to support the verdict. See *Proctor v. State,* 235 Ga. 720, 721 (221 SE2d 556); *Contreras v. State,* 242 Ga. 369, 370 (1) (249 SE2d 56).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED MAY 3, 1979 — DECIDED JUNE 19, 1979.

*John W. Andre, Jr.,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.