## 60539. GALLOWAY v. THE STATE.

QUILLIAN, Chief Judge.
The defendant appeals his conviction of the offense of theft by receiving stolen property. *Held:*
1. We find no merit in defendant's enumerations of error alleging the "general grounds," failure of the trial court to direct a verdict of not guilty, and overruling of the motion for new trial. The

evidence showed that parts of the stolen motorcycle were found at the residence of the defendant on June 8, 1979, after being stolen during the last week of May of 1979. The license plate of the stolen motorcycle was found, cut up and scattered, in the crawl space underneath the defendant's home. The evidence was sufficient to authorize a finding of guilty beyond a reasonable doubt by a rational juror. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in refusing to give the defendant's requested charge that "[p]roof of possession of recently stolen property will not authorize an inference that the person received it with knowledge that it was stolen." This is a correct but incomplete charge because it omitted the principle that "unexplained possession of recently stolen goods can be used in *conjunction with other evidence* to infer guilty knowledge." *Higginbotham v. State,* 124 Ga. App. 489 (3) (184 SE2d 231); *Borgh v. State,* 146 Ga. App. 649, 650 (247 SE2d 137); *James v. State,* 150 Ga. App. 357 (1) (258 SE2d 40).

3. The defendant argues, on appeal, that it was error for the trial court to charge the jury if they believed "the crime of burglary was committed as charged in this Bill of Indictment and certain personal property was stolen" and "if recently thereafter the Defendant was found in possession of the stolen property, or any of the stolen property, that would be a circumstance along with all the other evidence adduced from which the jury may infer guilt . . ."

The defendant contends that "the crime of burglary" was not the crime charged in the indictment, but "theft by receiving stolen property" was charged, and "the court's instructions to the jury must be tailored to fit the charge in the indictment and the evidence admitted at trial." The defendant is correct that the trial court's instructions should be tailored to fit the charge in the indictment and the evidence admitted at trial. *Walker v. State,* 146 Ga. App. 237, 244 (246 SE2d 206). However, the trial court's instruction in this instance was a lapsus linguae — an insertion of the inapplicable word "burglary" where the words "theft by receiving" should have been. Our Supreme Court has held that "a mere verbal inaccuracy in a charge, which results from a palpable 'slip of the tongue,' which clearly did not mislead or confuse the jury is not cause for a new trial." *Siegel v. State,* 206 Ga. 252, 254 (56 SE2d 512). Clearly the offense of burglary was not involved in the instant case, and the trial court had opened its instructions to the jury with the correct designation of the charge in the indictment — "unlawfully receive and retain stolen property." Shortly thereafter he again charged the jury: "The defendant being charged with the offense of theft by receiving stolen property, I give you in charge the definition of such offense. I instruct you that theft by receiving stolen property is defined as follows: . . ."

This court has held that "[t]his incorrect phrase within an otherwise correct statement of law could not have misled the jury where they had previously heard the correct rule over and over again." *Leonard v. State,* 146 Ga. App. 439, 444 (246 SE2d 450); *Echols v. State,* 149 Ga. App. 620, 624-625 (255 SE2d 92); see also *Baker v. State,* 137 Ga. App. 33 (4) (222 SE2d 865). It is clear from the evidence introduced in the trial and the charge of the court that the jury was aware that the defendant was charged with the offense of theft by receiving and this inadvertent slip of the tongue could not have misled them.

The charge, as given, was an otherwise correct statement of law. An almost identical charge was approved in *Aiken v. State,* 226 Ga. 840, 843-844 (178 SE2d 202) (U. S. Cert. den. 401 U. S. 982), and in the headnote the Court noted that "[t]he charge on the inference which arises from the possession of recently stolen property, unaccounted for, is not subject to the complaints made against it." Id. (2). See also *Reynolds v. State,* 231 Ga. 582 (4) (203 SE2d 214). This Court has also approved the same charge in *Shearer v. State,* 128 Ga. App. 809 (7) (198 SE2d 369); see also *McGinty v. State,* 134 Ga. App. 399, 403 (214 SE2d 678). This enumeration is without merit.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, Birdsong, Carley and Sognier, JJ., concur. Shulman, P. J., dissents. Pope, J., not participating.*

DECIDED JANUARY 12, 1981.

*Robert Edward Surles,* for appellant.
*William M. Campbell, District Attorney, James A. Meaney III, Assistant District Attorney,* for appellee.

SHULMAN, Judge, dissenting.

While I would agree with the majority's holding in Divisions 1 and 2, for the reasons set forth below I would reverse the judgment of the trial court.

I cannot agree that the trial court erred in refusing to charge appellant's Request to Charge No. 1, which reads as follows: "Proof of possession of recently stolen property will not authorize an inference that the person received it with knowledge that it was stolen." The charge did not state a full and complete statement of the law, because it omitted the principle that "unexplained possession of recently stolen goods can be used *in conjunction with* other evidence to infer guilty knowledge." *Higginbotham v. State,* 124 Ga. App. 489 (3) (184 SE2d 231).

I do agree, however, with defendant's contention that the trial

court's charge on the inference to be drawn from unexplained recent possession of stolen property was error. The trial court charged as follows: that recent possession of stolen property "would be a circumstance, along with all the other evidence adduced, from which the jury may infer guilt." Under the authority of *Hilton v. State,* 134 Ga. App. 590 (2) (215 SE2d 261), I find this charge to be error.

The trial court's use of the term "along with" in the context of its charge gives rise to the erroneous implication that guilt may be inferred solely from recent possession of stolen property, although other circumstances may also or likewise imply defendant's guilt.

The trial court's failure either to clearly instruct that recent possession must be *in conjunction with* other evidence in order for an inference of guilt to arise; or to instruct that recent possession *standing alone* will not authorize an inference of guilt, constitutes reversible error. *Hilton,* supra.

In none of the cases cited by the majority is the particular issue of this case raised; that is, that the charge did not instruct the jury that, *standing alone,* recent possession of stolen goods will not authorize a conviction for theft by receiving. A similar charge was approved in *Aiken v. State,* 226 Ga. 840 (2) (178 SE2d 202), but in that case the Supreme Court addressed the question of whether the charge was burden-shifting, and not the issue of whether the charge fully instructed the law on recent possession.