## 62336. WILLIAMS v. THE STATE.

POPE, Judge.

The defendant Williams was indicted, tried and convicted of theft by receiving stolen property. The stolen property was a rare, German-made, three barrel shotgun and rifle combination valued at

$1,500. The weapon was taken in the burglary of a home in Hart County, Georgia. Williams testified at trial that he had bought the gun from a heavy-set, bearded, "black-headed fellow" he had encountered at a motorcycle hill climbing event in South Carolina.

The trial judge instructed the jury "that *recent possession of stolen property without satisfactory explanation is sufficient to establish criminal intent.* I charge you further that, while proof of possession alone does not authorize the inference that the purchaser received it with knowledge that it was stolen; however, unexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge. . ." (Emphasis supplied.) Williams concedes that the evidence was sufficient to support the verdict but appeals on the ground that the italicized portion of this charge was held erroneous in *Higginbotham v. State,* 124 Ga. App. 489 (3) (184 SE2d 231) (1971), and requires reversal.

*Higginbotham* rejected a charge that unexplained possession of recently stolen goods, *standing alone,* is sufficient to support an inference of *guilty knowledge,* which is an essential element of the crime of theft by receiving stolen property as defined by Code Ann. § 26-1806(a). *Watts v. State,* 157 Ga. App. 214 (276 SE2d 884) (1981). The questionable language here concerned criminal *intent* rather than criminal *knowledge* and the court clarified that unexplained recent possession must be shown *"in conjunction with other evidence* to infer guilty knowledge," which is a correct statement of the law. *Pate v. State,* 158 Ga. App. 395 (1) (280 SE2d 414) (1981); *James v. State,* 150 Ga. App. 357 (1) (258 SE2d 40) (1979). Compare *Galloway v. State,* 157 Ga. App. 85 (2) (276 SE2d 135) (1981). However, even though the court also fully and properly instructed on the burden of proving criminal intent pursuant to Code Ann. §§ 26-604 and 26-605, the portion of the charge objected to was nevertheless incorrect. Intent is an essential element of all crimes, and our Criminal Code emphasizes that the process of ascertaining mens rea or criminal intention entails a careful evaluation of *all* relevant circumstances surrounding the act for which the accused is prosecuted. Code Ann. § 26-601; see generally Committee Notes, Code Ann. Ch. 26-6.

" 'Inaccuracies in a charge which do not mislead or obscure meaning, do not require a new trial.' [Cit.] However, this is not just an inaccurate charge. The court gave two conflicting charges. We have no way of knowing which one the jury chose to follow. ' "[T]he court should not give conflicting rules of law in charge and leave the jury to choose between them; where an erroneous statement is made it is not cured by a correct statement in another portion of the charge unless the jury's attention is called to the correction by a retraction of the erroneous statement or in some other like manner." ' [Cit.] There was

no correction or retraction of the incorrect charge." *Johnson v. State,* 148 Ga. App. 702, 704 (252 SE2d 205) (1979).

"In the instant case there was other evidence which, if believed by the jury, would have authorized the jury to infer guilty knowledge [or criminal intent]. However, such a finding was not demanded, and since the evidence did not demand a guilty verdict, the error in the charge cannot be said to be harmless." *Higginbotham,* supra at 490.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 8, 1981.

*James E. Hudson, Richard J. Weaver,* for appellant.

*J. Cleve Miller, District Attorney, Lindsey Tise, Assistant District Attorney,* for appellee.