## 62845. WADE v. THE STATE.

SHULMAN, Presiding Judge.

Although he was charged with six counts of burglary, one count of theft by taking and one count of theft by receiving, a jury convicted appellant of the theft by receiving count and one of the burglary charges. The trial court sentenced him to consecutive sentences of eight and seventeen years respectively. Appellant attacks the sufficiency of the evidence, a portion of the jury charge, and asserts

error in the entry of judgment and the imposition of sentence. Finding no merit to appellant's enumerations of error, we affirm his conviction.

1. Contrary to appellant's assertion, the trial court could use the phrase "theft by taking" in lieu of the word "misdemeanor" in three written charges requested by appellant, especially since the language was, under the circumstances of this case, a synonym for the omitted word. "Failure to charge in the exact language requested, where the charge given substantially covered the same principles is not error." *Ramsey v. State,* 145 Ga. App. 60 (9) (243 SE2d 555).

2. Next, appellant posits that, since the same property formed the basis for his theft by receiving and burglary convictions, entry of judgment and imposition of sentence on two counts was error. Perusal of the indictment reveals that appellant was charged, in six different counts, with the burglaries of six different residences and, in a seventh count, with theft by receiving the property stolen from the six residences. While the jury found appellant not guilty of five of the six burglaries, it could, at the same time, conclude that appellant was guilty of the lesser offense of theft by receiving the property taken in one or more of the five burglaries for which he was not convicted. Acquittal of the five burglary charges did not per se acquit the appellant of theft by receiving the property taken in those burglaries.

Appellant's reliance on *Callahan v. State,* 148 Ga. App. 555 (251 SE2d 790), is misplaced. In that case, the appellant was charged with theft by taking and theft by receiving. Because there was a *complete* identity of the property involved in both crimes (a motor vehicle), this court ruled that the theft by taking charge was included as a lesser offense in the theft by receiving charge. In the present case, there is not so complete an identity of the stolen property. As noted above, the jury could have convicted appellant of theft by receiving if they believed he had received, with the requisite guilty knowledge, the property stolen in any of the other burglaries. The trial court did not err when it entered judgment and imposed sentence on the two crimes for which appellant was convicted.

3. In his final enumeration of error, appellant states that the jury was forced to take inconsistent positions in order to convict him of both burglary and theft by receiving. Appellant maintains that this course of conduct reflects an insufficient amount of evidence to convict him of both counts. However, this position is based upon the same erroneous premise which served as the basis for appellant's enumeration of error discussed in Division 2 of this opinion. As was shown there, no inconsistency was necessary for the jury to convict appellant of both counts. Thus, this final enumeration of error is also without merit.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 25, 1982.

*Jesse T. Edwards, Robert L. Cork,* for appellant.
*Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.