A89A0395. THE STATE v. FREEMAN.
(382 SE2d 664)

BENHAM, Judge.

This is an appeal by the State from an order dismissing one count of an indictment. Among other offenses, appellee was indicted for trafficking in cocaine. The indictment tracked the statute and alleged that appellee was in actual possession of the cocaine. See OCGA § 16-13-31, prior to the 1988 amendment. Appellee filed a demurrer which the trial court treated as a plea in abatement. In the pertinent portion of that pleading, appellee contended that he was only in constructive possession of the contraband. The parties stipulated that the trial court could consider the evidence adduced at the hearing on the motion to suppress, and the trial court found that appellee was, indeed, only in constructive possession of the cocaine.

"While such an allegation [, that appellee was only in constructive possession of the cocaine, as opposed to actual possession,] might have been the basis for a valid defense to the [trafficking charge], if it could have been proven, it does not point to any defect in the indictment itself. Therefore, it does not constitute a valid basis for a plea in abatement." *Callahan v. State*, 148 Ga. App. 555 (2) (251 SE2d 790) (1978). That being so, the trial court erred in dismissing the trafficking count of the indictment returned against appellee.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

Decided May 11, 1989.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney,* for appellant.
*Brooks S. Franklin,* for appellee.