A91A2058. MULLEN v. THE STATE.
(416 SE2d 784)

Judge Arnold Shulman.

The appellant was indicted for 28 counts of theft by taking based

on allegations that, on 28 separate occasions, she did "unlawfully take [a specified sum] in lawful currency . . ., the property of Columbus Bank & Trust Company, with intent then and there of depriving the owner of said property. . . ." She was found not guilty on two of the counts and guilty on the remaining 26. This appeal followed.

The appellant opened a personal checking account with the Columbus Bank & Trust Company on November 13, 1989, and in connection with that transaction was issued an electronic banking card. The purpose of this card was to enable her to use the bank's automatic teller machines to access both her checking account and a savings account which she had previously opened with the bank, but which at all times pertinent to this case had a zero balance. However, the bank erroneously encoded on the card the savings account number of another customer; and on December 6, 1989, it mailed her a statement showing the activity in that account as well as in her own checking account. The balance in the appellant's checking account as of that date was only $240, while the balance in the other customer's savings account was $4,115.45. The social security number listed on the latter account was not the same as the one listed on the checking account.

The bank's records, which included photographic evidence of the transactions, established that on 26 separate occasions from December 10, 1989, through February 1, 1990, the appellant had used the bank's automatic teller machines to make withdrawals totalling over $5,000 from the savings account in question. When the owner of the account became aware of these withdrawals and inquired about them, the bank discovered the error, restored his money to him, and unsuccessfully sought restitution from the appellant. The appellant presented no testimony or other evidence in her defense.

1. The appellant contends that the trial court erred in denying her plea in abatement, in which she sought dismissal of the indictment on the ground that "the Grand Jury did not have before it sufficient legal evidence to conclude that all of the elements of the crime of theft by taking [had] been committed by the defendant." This enumeration of error is without merit. " '[W]here . . . it appears that a competent witness or witnesses were sworn and examined before the grand jury by whom the indictment was preferred, a plea in abatement on the ground that it was found on insufficient evidence, or illegal evidence, or no evidence, will not be sustained, because it comes under the rule that no inquiry into the sufficiency or legality of the evidence is indulged.' " (Emphasis supplied.) *Felker v. State*, 252 Ga. 351, 366 (314 SE2d 621) (1984), quoting with approval *Summers v. State*, 63 Ga. App. 445 (3), 449 (11 SE2d 409) (1940). Accord *Foster v. State*, 239 Ga. 302, 303 (236 SE2d 644) (1977); *Callahan v. State*, 148 Ga. App. 555, 556 (2) (251 SE2d 790) (1978); *State v. Freeman*, 191

Ga. App. 541 (382 SE2d 664) (1989).

2. The appellant contends that there was a fatal variance between the allegata and the probata in that the indictment alleged an unlawful taking, whereas the evidence established an unlawful appropriation of money lawfully obtained. Either act constitutes theft by taking pursuant to OCGA § 16-8-2, which provides as follows: "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates the property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." However, in *Walker v. State,* 146 Ga. App. 237 (1) (246 SE2d 206) (1978), this court held that where the indictment charges an unlawful taking, the conviction cannot be predicated on evidence showing an unlawful appropriation of property lawfully obtained.

In the present case, unlike *Walker v. State,* supra, the court did not charge the jury that theft by taking could consist of the unlawful appropriation of property lawfully obtained, and thus there is no possibility that the jury based its verdict on that theory rather than the theory alleged in the indictment. Moreover, the state's evidence, construed in favor of the verdict, was amply sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that at the time she made the withdrawals at issue, the appellant was well aware that she was obtaining funds which did not belong to her and which she had no right to receive. See generally *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We accordingly hold that there was no variance between the allegata and the probata with respect to any of the 26 counts of which the appellant was convicted.

3. The appellant contends that the trial court erred in failing "to take judicial notice that the sole purpose of the prosecution was to collect a debt." This enumeration of error presents nothing for review, inasmuch as it is not directed to any ruling of the trial court and we have previously held that the evidence was sufficient to support the convictions.

4. The appellant contends that the trial court erred in charging the jury on circumstantial evidence. Much of the state's evidence was in fact circumstantial. Moreover, it is not generally considered reversible error to charge on circumstantial evidence where none is present, since such an instruction is favorable to the accused. *Sanford v. State,* 196 Ga. App. 103, 104 (3) (395 SE2d 373) (1990). Accordingly, this enumeration of error is also without merit.

*Judgment affirmed. Carley P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 21, 1992 —
RECONSIDERATION DENIED MARCH 4, 1992.

*William J. Wright,* for appellant.
*Douglas C. Pullen, District Attorney, Edward C. Carter, Assistant District Attorney,* for appellee.