## A95A2286. BELL v. THE STATE.
### (469 SE2d 714)

POPE, Presiding Judge.

A jury convicted defendant Thomas Andrew Bell of theft by taking a motor vehicle. Following the denial of his motion for a new trial, he appeals contending that the evidence was insufficient to support his conviction because a fatal variance existed between the allegations contained in the indictment and the proof adduced at trial, and that the trial court erred in allowing the State to introduce similar or connected transaction evidence to the jury. Finding no merit to these contentions, we affirm.

On April 2, 1994, defendant and Timothy Pinson escaped from the Gilmer County jail. Two days later, after hitchhiking to Forsyth County, Georgia, they went to a Dodge dealership. At the dealership, salesman Mike Rosenblum approached them. Defendant, who did most of the talking, told Rosenblum that defendant and Pinson had a truck in the service department and that they were interested in purchasing another truck. Defendant also told Rosenblum that defendant and Pinson worked for a local company. The record demonstrates that the above statements were untrue. According to Pinson, the real reason they wanted a vehicle was because they needed transportation after having escaped from jail.

Based on the above misinformation, Rosenblum allowed defendant and Pinson to "test drive" a red 1991 Dodge Dakota truck. Instead of test driving the truck, however, defendant, that same day, drove himself and Pinson to a Nissan dealership in Knoxville, Tennessee. There, as he had done at the Dodge dealership, defendant misled car salesman John Washburn into believing that defendant was in the market for a new vehicle. Consequently, Washburn allowed defendant to test drive a Nissan Maxima. Washburn testified that he was not concerned about letting defendant drive the Maxima because defendant left the Dakota truck at the Nissan dealership.

Once in the Maxima, defendant picked up Pinson and the clothing they had left in the truck. Then defendant drove 90 miles to Williamsburg, Kentucky. There, he and Pinson were arrested by a police officer, who had received a bulletin that the Maxima had been stolen. While in custody, Pinson gave a voluntary statement to Forsyth County police wherein he admitted that he and defendant had stolen the Dakota truck after escaping from jail. He also stated that he and defendant intended to drive to Ohio, where defendant had relatives. Pinson testified to the same at trial.

1. Defendant contends that there was a fatal variance between the allegata and the probata in that the indictment alleged an unlawful taking of the Dakota truck, whereas the evidence at trial established that defendant had unlawfully appropriated the truck after

first obtaining lawful possession of it. Either of the above acts constitutes theft by taking under OCGA § 16-8-2, which provides that "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." In *Walker v. State*, 146 Ga. App. 237 (1) (246 SE2d 206) (1978), however, we held that where an unlawful taking is alleged in the indictment, the conviction cannot be predicated on evidence demonstrating an unlawful appropriation of lawfully obtained property.

But, unlike the trial court in *Walker*, the trial court in this case "did not charge the jury that theft by taking could consist of the unlawful appropriation of property lawfully obtained, and thus there is no possibility that the jury based its verdict on that theory rather than the theory alleged in the indictment." *Mullen v. State*, 203 Ga. App. 170, 172 (2) (416 SE2d 784) (1992). Moreover, construed in favor of the verdict, the evidence in this case was sufficient to enable a rational jury to conclude beyond a reasonable doubt that defendant deceived Rosenblum into letting him test drive the Dakota truck, and that such deception constituted an unlawful taking. See *Stull v. State*, 230 Ga. 99, 101 (1) (196 SE2d 7) (1973); *Cole v. State*, 186 Ga. App. 243, 244 (1) (366 SE2d 844) (1988). Accordingly, we conclude that no fatal variance existed and that the State's evidence was sufficient to warrant defendant's conviction under the standard of proof set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant contends that the trial court erred in allowing the State to introduce similar or connected transaction evidence of his escape from the Gilmer County jail and his subsequent theft of the Nissan Maxima. The record demonstrates that before the trial court allowed the State to introduce the above evidence, it held a pre-trial hearing in accordance with Uniform Superior Court Rule 31.3 (B). After that hearing, the trial court determined that the State had made the showings required by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). We agree. Moreover, we conclude that in its presentation to the jury, the State demonstrated through the testimony of several witnesses, including both car salesmen and Pinson, "that [defendant] was the perpetrator of the [independent crimes], and . . . [that] there [was] sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tend[ed] to prove the latter." (Citation and punctuation omitted.) *Jordan v. State*, 192 Ga. App. 69, 70 (2) (383 SE2d 631) (1989). Consequently, we find no error in the trial court's decision to admit the above evidence.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 21, 1996.

*Pamela D. Boles*, for appellant.
*Garry T. Moss*, District Attorney, *Kimberly K. Frye*, Assistant District Attorney, for appellee.