## 58278. PARNELL v. THE STATE.

BANKE, Judge.

Appellant was convicted of theft by taking under a recidivist indictment and sentenced to confinement for 10 years, with seven of those to be served on probation. On appeal, he contends that neither the indictment nor the evidence support a felony sentence.

The property described as stolen in the indictment was a "1937 Dodge." This description contained no embellishment, e.g., "automobile," "motor vehicle," "car," etc. At trial it was adduced that this "Dodge" had four tires on it, an inoperative engine, and no fenders. When the defendant sold the "Dodge," it had no transmission or radiator, and its engine was partially disassembled. It had a windshield and rear window, but no other windows, and was not registered, tagged, or inspected. It was inoperable and was described by some witnesses as a piece of junk. Its owner called the Dodge a "car" and testified that he paid $250 for it six months prior to its theft. After appropriating it, the appellant sold it to a third party for $80, a price which the purchaser described as "fair."

Appellant contends that the indictment will not support a felony conviction in that it fails either to

indicate the value of the property or to allege that the "1937 Dodge" was an automobile or motor vehicle. He further contends that the evidence will not support a felony conviction because the Dodge was in such an extreme state of disrepair that it had ceased to be an automobile or motor vehicle and because its value was not shown to be at least $100. *Held:*

1. In *Mack v. Ricketts,* 236 Ga. 86, 87 (222 SE2d 337) (1976), the Supreme Court held that "[u]nder the Criminal Code of Georgia there are not two theft by taking crimes, one being a misdemeanor and the other a felony. There is only one such crime, and upon conviction for it, the punishment only is determined by the value of the property taken." Consequently, the appellant's conviction is not voided by the absence in the indictment of an allegation that the property was an automobile or motor vehicle or of an allegation that its value was $100 or more. This leaves remaining only the question of whether the sentence was authorized by the evidence.

2. "A person convicted of violation of section(s) 26-1802 (Theft by Taking) . . . shall be punished as for a misdemeanor except:

"(a) If the property which was the subject of the theft exceeded $100 in value, or was an automobile or other motor vehicle, by imprisonment for not less than one and not more than 10 years . . ." Code Ann. § 26-1812. "Definitions of 'motor vehicle' in terms of a self-propelled vehicle are concerned with the design, mechanism, and construction of the vehicle rather than with its temporary condition, and a motor vehicle does not cease to be such merely because it is temporarily incapable of self-propulsion." 60 CJS 150, Motor Vehicles, § 1. See State v. Ridinger, 266 SW2d 626 (Mo.); Commonwealth v. Dyer, 73 Pa. Dist. & County 199. Under the above authorities, the evidence was sufficient to support the conclusion that the 1937 Dodge described in the indictment was an automobile or motor vehicle. Consequently, the felony sentence was authorized by the evidence, and it is unnecessary to consider whether the property's value exceeded $100.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 16, 1979.

Charles L. Parnell, *pro se.*
Robert E. Keller, *District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.