## 62446. INGRAM v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of two charges of receiving a stolen automobile. On appeal he contends (1) that the state failed to prove the value of either automobile; (2) that the evidence does not support Count 1, as it does not establish that appellant knew, or should have known, that the automobile named in Count 1 was stolen; (3) that the trial court's charges to the jury as to recent possession of stolen property, value of the automobiles and knowledge were erroneous; and (4) that the trial court's recharge confused the jury.

1. Whether the state did or did not establish the value of the two automobiles involved is immaterial, as in *all* cases involving stolen motor vehicles, the punishment is the same regardless of value. Code § 26-1812 (c.1) (1); *Parnell v. State,* 151 Ga. App. 756, 757 (2) (261 SE2d 481) (1979).

2. Appellant contends the evidence is insufficient as to Count 1 to establish that he knew, or should have known, that the automobile in question was stolen. Possession (of stolen property) alone is not sufficient to show guilty knowledge; however, possession together with other circumstances and evidence may be used to infer the knowledge required by the statute (Code § 26-1806). *Borgh v. State,* 146 Ga. App. 649, 650 (247 SE2d 137) (1978).

In the instant case it was established that a 1971 Ford Maverick was repossessed from Jimmy Nell Woody by Motor Finance Company; about 15 days later the Maverick was stolen from the finance company by Douglas Edwards, Woody's common law husband. Woody knew that Edwards had stolen the car, and three or four days later she took it to appellant's home, where she was visiting; she left the car at Ingram's home, allegedly because the clutch went out. About a month later appellant's premises were searched by police officials; the Maverick was found stripped of its doors, front fenders, grill, front bumper and rear seat, and the windshield had been removed. The motor vehicle identification numbers had been scraped from the doors. Another stolen car was also found dismantled at appellant's home; the motor and transmission had been removed and the motor was in appellant's personal car. Although appellant disclaimed knowledge that the Maverick had been repossessed and stolen, we believe the evidence is sufficient to infer that appellant knew, or should have known, that the car was stolen. Whether the explanation of possession offered by appellant is a satisfactory explanation is a question for the jury. *Haugabrook v. State,* 142 Ga. App. 714, 715 (236 SE2d 890) (1977). The weight of the evidence and credibility of witnesses are questions for the triers of fact, *State v.*

*Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975), and we hold that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt of this charge beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant next contends that the trial court erred by failing to charge that recent possession (of stolen property) standing alone will not support an inference of guilt or authorize conviction. The trial court charged the jury, in part, as follows: "Unexplained possession of recently stolen property, standing alone, will not support the inference of guilty knowledge or authorize a conviction of theft by receiving stolen property." Hence, appellant's contention is not supported by the transcript.

The trial court charged the jury that to find appellant guilty of receiving stolen property, the state must prove beyond a reasonable doubt "that this defendant did ... acquire the possession and control of the property described . . . and that the defendant did receive, dispose of, and retain said ... property *when he knew or should have known that the same was stolen ...* " (Emphasis supplied.) Appellant contends that the underlined portion of the quoted charge was erroneous. However, an essential element of theft by receiving stolen property is that a person receives stolen property "which he knows or should know was stolen." Code § 26-1806. Thus, the trial court instructed properly on the elements of the offenses charged, as it is required to do. The trial court also explained correctly how knowledge may be inferred from all circumstances surrounding possession of stolen property. Looking at the charge as a whole we find no error. See, generally, *Ivie v. State,* 151 Ga. App. 496, 499 (4) (260 SE2d 543) (1979).

Appellant's contention relating to the court's charge as to value has no merit. We pointed out in Division 1 that value is immaterial in charges relating to theft of an automobile. Further, appellant's counsel excepted to the charge on value, and the court withdrew the charge. Hence, there is nothing for us to review. *Sumners v. State,* 137 Ga. App. 493, 494 (224 SE2d 126) (1976).

4. Lastly, appellant contends that the court confused the jury by its recharge of the law relating to value. Since appellant requested the recharge and took no exception to it, he cannot now claim the recharge was error, as induced error is impermissible. *Reynolds v. State,* 147 Ga. App. 488 (249 SE2d 305) (1978).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 5, 1981.

*William I. Sykes, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney,* for appellee.