67398. WEAVER v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of one count of theft by taking (a 1977 Cadillac DeVille), and one count of theft by receiving stolen property (a 1967 Mercury Cougar). We herein grant the amended motion made by appellant's counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), and turn now to review the allegations of trial error asserted by appellant.

1. Appellant sought severance of the two counts of the indictment. "Two or more offenses may be tried together if they: '(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.' *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752) (1975) (citing ABA

Standards which we adopted in that case).

"Where two or more offenses are joined only because they are of the same or similar character, the trial court, upon motion of the defendant, must order separate trials for each of the offenses. *Dingler,* supra. But when they are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, '. . . the court in the interest of justice *may* order that one or more of such charges be tried separately.' [OCGA § 16-1-7 (Code Ann. § 26-506)]." *Gober v. State,* 247 Ga 652 (1) (278 SE2d 386). The state presented evidence showing that the victim of the theft by taking (the Cadillac owner) offered appellant and a companion a ride to a service station since the car in which they had been riding (the Cougar) had run out of gas. When the Cadillac driver momentarily exited his car at the service station in order to get directions, appellant and his companion drove off in the car. Sometime later that day, the victim returned to the site of the Cougar where he had first encountered appellant, and saw the two erstwhile passengers putting gasoline in the Cougar. The owner of the Cougar testified that her locked car had been stolen from a shopping mall parking lot one week prior to the incident involving the Cadillac. "In our opinion, [both] offenses were part of the same conduct within the meaning of that term as used in [OCGA § 16-1-7 (Code Ann. § 26-506)]. The evidence was not of such complexity as to hinder the jury from being able to distinguish the evidence and apply the law of the case intelligently to each alleged offense . . . The trial court did not abuse [its] discretion in denying appellant's motion to sever . . ." *Gober,* supra.

2. The trial court also admitted evidence of two similar transactions involving thefts of automobiles which occurred when the driver of the car left the keys in the ignition while briefly leaving the car to enter a store. Both cars were recovered from appellant's possession. The admission of the evidence was preceded by a cautionary instruction from the trial court. Appellant argues that proof of the two other crimes did not tend to establish that he had committed the crime for which he was being tried and, therefore, the admission of the evidence impermissibly placed his character into evidence.

"As a general rule, evidence of criminal acts committed by a defendant not included in the indictment are inadmissible because it tends to impermissibly put the defendant's character in issue. See [OCGA § 24-2-2 (Code Ann. § 38-202)] . . . Exceptions to the rule . . . developed over the years allowing the evidence of other crimes for the 'limited' purpose of showing identity, malice, intent, motive, plan, scheme, course of conduct, common design, bent of mind, modus

operandi and the like. [Cits.] . . . [T]he Supreme Court [has] established two conditions which must be satisfied before evidence of other crimes could become admissible: 'First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter.' " *Millwood v. State,* 164 Ga. App. 699 (1) (296 SE2d 239). Having taken these principles and applied them to the facts of the case at bar, we conclude that the evidence was admissible to show modus operandi, course of conduct, and bent of mind.

3. During direct examination, a witness for the state mentioned that appellant had informed him that he, appellant, was on probation. Appellant's motion for mistrial, which followed curative instructions, was denied, and he now brings the issue before this court.

"The grant of or refusal to grant a motion for a mistrial lies within the sound discretion of the trial court, and the exercise of this discretion will not be disturbed unless the grant of a mistrial is essential to preserve the right to a fair trial. [Cits.]" *Kilgore v. State,* 251 Ga. 291 (2b) (305 SE2d 82). Since there had previously been elicited testimony that appellant had pled guilty to a crime involving one of the similar transactions and no objection had been voiced with regard to that testimony, the trial court did not abuse its discretion in denying the motion for mistrial. Id.

4. "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen . . ." OCGA § 16-8-7 (a) (Code Ann. § 26-1806). Appellant argues that there was insufficient evidence of his knowledge of the stolen nature of the Mercury Cougar and that, therefore, the trial court erred in failing to direct a verdict of acquittal on that count of the indictment.

Guilty knowledge is an essential element of theft by receiving stolen property (*Ingram v. State,* 160 Ga. App. 300 (3) (287 SE2d 304)), and possession alone is not sufficient to show guilty knowledge. Id., Division 2. However, the guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinarily prudent person. *Watts v. State,* 157 Ga. App. 214 (276 SE2d 884). Appellant's accomplice testified that appellant was driving the car without a key; the car's owner stated that the car was returned to her with the dashboard missing and wires exposed; and appellant fled from the car to avoid arrest. The victim's testimony corroborated that of the accomplice (See OCGA § 24-4-8 (Code Ann. § 38-121)) and authorized the jury to infer guilty knowledge on the

part of appellant under these circumstances.

5. Appellant argues that his cross-examination of his accomplice was impermissibly restricted when the trial court sustained the state's objections to his questions concerning pending charges which might have been dismissed in exchange for the testimony of the accomplice.

" '[A] mere indictment or a charge or an arrest or a trial and acquittal, are not legal methods of impeachment.' [Cits.]" *McGuire v. State,* 238 Ga. 247, 249 (232 SE2d 243). However, "exposing . . . witness motivation for testifying, is a proper and important function of cross-examination. [Cit.] 'A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness *as they may relate directly to issues or personalities in the case at hand.*' [Cit.]" *Mulkey v. State,* 250 Ga. 444 (2) (298 SE2d 487). See also *Morris v. State,* 166 Ga. App. 137 (3) (303 SE2d 492). The jury was aware of the sentence appellant's accomplice was to receive for his participation in the crimes in exchange for his testimony. The trial court properly restricted appellant's counsel from delving into matters "related to issues and personalities in other cases." *Mulkey v. State,* supra.

6. In its charge to the jury, the trial court defined theft by taking by reading the statutory definition. See OCGA § 16-8-2 (Code Ann. § 26-1802). Appellant maintains that the charge resulted in a fatal variance because the statute and instruction provided for two ways in which the crime might be committed (unlawful taking and unlawful appropriation after lawful possession), while the indictment alleged only one, unlawful taking. "It is not usually cause for new trial that an entire Code section is given [in the jury charge]. This is so even though a part of the charge may be inapplicable under the facts in evidence. [Cits.]" *Slack v. State,* 159 Ga. App. 185 (2) (283 SE2d 64). See also *Estes v. State,* 251 Ga. 347 (2) (305 SE2d 778).

7. Appellant's remaining enumerated errors concern the trial court's failure to give requested instructions on the credibility of appellant's accomplice. In defending his first requested instruction, appellant submits that the jury should always be informed of the importance of any deal between the state and a witness concerning prosecution of the witness. However, such a charge was implicitly contained in the trial court's charge to the jury on witness credibility when it instructed the deliberating body to look into a witness' "interest or want of interest" in testifying. Appellant's requested instruction was cumulative and need not have been given.

8. "As there was no manifest indication that a witness had sworn falsely on the trial of this case and as no witness admitted he

had testified falsely on the trial, the court did not err in failing to charge the portion of [OCGA § 24-9-85 (Code Ann. § 38-1806)] dealing with false swearing. [Cits.] The court sufficiently charged on the law of impeachment . . ." *Moore v. State,* 146 Ga. App. 457 (3) (246 SE2d 353).

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 20, 1984.

*Alan Z. Eisenstein,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Thomas Jones, Assistant District Attorneys,* for appellee.