## 69222. ZAGER v. THE STATE.
(322 SE2d 530)

BANKE, Presiding Judge.

The appellant appeals his conviction of simple battery. *Held*:

1. In his initial enumeration of error, the appellant maintains that the court erred in charging the entire statutory definition of simple assault as contained in OCGA § 16-5-23, because the statute defines two ways in which the crime might be committed (intentionally making physical contact of an insulting or provoking nature with the person of another and intentionally causing physical harm to another), while the accusation alleged only one of the two.

" 'It is not usually cause for new trial that an entire Code section is given [in the jury charge]. This is so even though a part of the charge may be inapplicable under the facts in evidence.' *Slack v. State*, 159 Ga. App. 185 (2) (283 SE2d 64)." *Weaver v. State*, 169 Ga. App. 890 (6) (315 SE2d 467) (1984). The situation before us is virtually identical to that presented in *Weaver*, supra, in that, although the entire code section was charged, the court initially read the charge as set forth in the accusation, and the accusation was subsequently sent out with the jurors. Here, as there, we conclude that it was not reversible error to charge the entire code section, even though a portion thereof was not specifically pertinent to the accusation.

2. The appellant contends that the trial court erred in declining to order a mistrial after the State's attorney asked a defense witness if he was aware that the defendant had been expelled from school as a result of the incident for which he was on trial. The question was not answered and, in response to the defendant's objection, the trial court stated that the question was improper and instructed the jury to disregard the matter. "When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected . . . under proper instructions." *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982). We find no abuse of discretion under the circumstances presented here.

3. The trial court's charge that one is presumed to intend to accomplish the natural and probable consequences of his acts was not unconstitutionally burden shifting. See *Skrine v. State*, 244 Ga. 520 (260 SE2d 900) (1979).

4. The court's charge, which instructed the jury that the accusation is not evidence, was adequate in every respect and covered the

principles of law contained in a similar charge requested by the appellant. See generally *Cohran v. State*, 141 Ga. App. 4 (232 SE2d 355) (1977).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 24, 1984.

*Barry A. Karp*, for appellant.
*Ralph T. Bowden, Jr.*, Solicitor, *Henry Newkirk*, Assistant Solicitor, for appellee.