## 71000. TURNER v. THE STATE.
### (338 SE2d 37)

SOGNIER, Judge.

Appellant was convicted of two counts of robbery and appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that appellant and Charlie Bass, armed with a gun and a knife and wearing masks, assaulted Alexander Brannon as he was opening a grocery store where he worked. They forced Brannon to open the cash register and took all the money, then tied Brannon up and took $10 from his billfold. After ransacking the store the men departed and Brannon, who had freed his hands, called the police. While Brannon was waiting for the police appellant returned but was unmasked; thinking he was a customer, Brannon told appellant he had been robbed and appellant again tied

up Brannon. As appellant was coming out of the office at the rear part of the store, a policeman arrived. Appellant reached for a gun in his belt and it fell to the floor. The policeman pulled his gun and in an ensuing struggle appellant got the policeman's gun, ran out of the store and disappeared. A few minutes later, while the policeman was talking to a police sergeant who had arrived, Charlie Bass drove by, still wearing a mask. After a high speed chase Bass was apprehended at appellant's house. A bag containing currency and rolled coins taken in the robbery, a pair of white gloves and a stocking mask were found in the car driven by Bass. The car was a Pontiac bearing a license tag issued to appellant for a Chevrolet he owned which was parked behind the house.

Although Brannon could not identify appellant, he was identified positively by the policeman as the person he struggled with in the grocery store and the person who took the policeman's gun. Appellant's girl friend testified that appellant was with her at the time of the robbery. Although the evidence as to appellant's participation in the actual robbery of Brannon is circumstantial since he was wearing a mask, whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury. *Bowen v. State*, 173 Ga. App. 361 (1) (326 SE2d 525) (1985). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that various remarks of the prosecutor during trial, as well as the prosecutor calling appellant a "thug" during closing argument, prejudiced appellant and denied him a fair trial. The only remark by the prosecutor during trial called to our attention in appellant's brief was objected to by appellant at the time of the remark, and the objection was sustained by the trial court. When the prosecutor referred to appellant as a thug in closing argument, the court immediately rebuked the prosecutor as requested by appellant. Since the court took the action requested by appellant in each instance complained of, he cannot now claim error. *Ingram v. State*, 160 Ga. App. 300, 301 (4) (287 SE2d 304) (1981). Thus, there was no cumulative effect of the prosecutor's remarks which deprived appellant of a fair trial.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 7, 1985.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Bradford R. Pierce, Assis-*

*tant District Attorney*, for appellee.