Ronald L. ASAY and L. Walton Bonny, Plaintiffs and Appellants,

v.

Shirley WATKINS, State of Utah, Utah State Department of Transportation, Utah State Road Commission, Scott Watkins, and Keith Watkins, Defendants and Respondents.

No. 20226.

Supreme Court of Utah.

March 11, 1988.

C. Richard Henriksen, Sr., C. Richard Henriksen, Jr., David M. Jorgensen, Salt Lake City, for plaintiffs and appellants.

David L. Wilkinson, Paul M. Warner, Stanley H. Olsen, Salt Lake City, for the State of Utah, Utah State Dept. of Transp., and Utah State Road Com'n.

Robert R. Wallace, Tim Dalton Dunn, Wallace R. Lauchnor, Salt Lake City, for Shirley Watkins, Scott Watkins, and Keith Watkins.

HALL, Chief Justice:

The trial court dismissed plaintiffs' damages claim against defendant Shirley Watkins on the ground that the towed automobile which her minor son controlled at the time of an accident was not a "motor vehicle" as that term is defined in Utah Code Ann. § 41–2–1(b) (amended 1983; amended & renumbered 1987).

Plaintiffs were proceeding south on Highway 40 near Myton, Utah. At the same time, defendant Scott Watkins was traveling northbound on Highway 40, towing a Mustang automobile that was under the control of his minor brother, defendant Keith Watkins. The Mustang had no engine, but the steering and braking systems were functioning. The car was being towed with the use of a wire or chain which permitted it to be steered and to swerve into the oncoming lane of traffic where it collided with a truck driven by plaintiff Asay. At the time of the accident, Scott Watkins was planning to have an engine installed in the Mustang and to otherwise restore the vehicle to full operating condition.

Plaintiffs joined Shirley Watkins as a party defendant pursuant to the provisions of Utah Code Ann. § 41–2–10(2) (1981) (amended & renumbered 1987), which read in pertinent part as follows:

Any negligence or willful misconduct of a minor under the age of eighteen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct....

Utah Code Ann. § 41–2–1(a) (1981) (amended 1983; amended & renumbered 1987) defined a "Vehicle" as "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a public highway," and subsection (b) thereof defined a "Motor Vehicle" as "[e]very vehicle which is self-propelled."

The trial court strictly construed the language of subsection 41–2–1(b) and concluded that an automobile without an engine ceased to be a "motor vehicle" within the meaning thereof. The issue presented being one of law, this Court need not defer to the trial court's interpretation of the statute.[1]

■ Utah does not follow the rule of the common law that statutes in derogation thereof are to be strictly construed.[2] Rather, the statutes of this state are to be "liberally construed with a view to effect the objects of the statutes and to promote justice."[3]

■ Subsection 41–2–10(2) was plainly enacted for the purpose of affording protection to the public against the negligence of a minor by providing for the additional financial responsibility of an adult.[4] The rigid interpretation placed upon the statutory definition of a "motor vehicle" by the trial court defeats the clear purpose of the statute. Thus, in order to effect the pur-

1. See *Gonzales v. Morris*, 610 P.2d 1285, 1286 (Utah 1980); *see also, e.g., Colorado Div. of Employment & Training v. Parkview Episcopal Hosp.*, 725 P.2d 787, 790 (Colo.1986) (en banc); *McGinnis v. Kansas City Power & Light Co.*, 231 Kan. 672, 678, 647 P.2d 1313, 1318 (1982); *Madrid v. University of Cal.*, 105 N.M. 715, 718, 737 P.2d 74, 77 (1987).

2. *In re Garr's Estate*, 31 Utah 57, 68–69, 86 P. 757, 761 (1906).

3. Utah Code Ann. § 68–3–2 (1986).

4. *Phillips v. Tooele City Corp.*, 28 Utah 2d 223, 228–29, 230, 500 P.2d 669, 672, 674 (1972); *see also Farrier v. Thompson*, 234 So.2d 11, 12–13 (Fla.Dist.Ct.App.1970).

pose of the statute, it is in need of a more liberal interpretation.

It is a commonly accepted fact that automobiles are not infallible and that from time to time even the best of them are rendered inoperable prior to the time of their ultimate demise. An automobile is thus not deprived of its character as a "motor vehicle" simply because it becomes inoperable. A number of other jurisdictions, construing similar statutes which define motor vehicles as those that are self-propelled, have reached the same conclusion.

In *State v. Ridinger*,[5] a case which involved the theft of a tire and wheel from an inoperable bus which had been out of use for some considerable time, the court nevertheless determined that the bus was a "motor vehicle" within the meaning of the applicable statute. The court concluded:

> It is a matter of common knowledge and every day observation that on the used car and outdoor show and display lots of the State, on lots adjoining garages, and in countless yards and various premises in this state, both rural and urban, stand unnumbered thousands of motor vehicles of every description, many in various conditions of disrepair. But few of them stand ready to operate or could otherwise qualify as "self-propelled," but they nonetheless are "motor vehicles."[6]

In *State v. Tacey*,[7] a drunk driving case involving an inoperable automobile being towed by a truck, the court concluded: "Manifestly, it was the design, mechanism, and construction of the vehicle, and not its temporary condition, that the Legislature had in mind when framing the definition of a motor vehicle. Neither the authorities nor sound logic admit of a different conclusion."[8] Of like import is *Rogers v. State*,[9] also a drunk driving case, involving an inoperable automobile steered by the de-

fendant while being pushed from behind by another automobile.

Similarly, in *Parnell v. State*,[10] where the stolen automobile had an inoperable engine, no fenders, no transmission, and no radiator, the court nevertheless determined that it remained a "motor vehicle" within the contemplation of the applicable statute: "Definitions of 'motor vehicle' in terms of a self-propelled vehicle are concerned with the design, mechanism, and construction of the vehicle rather that with its temporary condition, and a motor vehicle does not cease to be such merely because it is temporarily incapable of self-propulsion."[11]

Application of the rationale behind these cases to the statutes and the case at hand is persuasive. In the instant case, within the context of subsection 41–2–10(2), the term "motor vehicle" logically includes an automobile that is temporarily inoperable. Such determination is rationally consistent with and supported by the application of Utah Code Ann. § 41–2–1(*o*) (1981) (amended & renumbered 1987), which defines a "license" as "the privilege to operate a *motor vehicle*" (emphasis added), to Utah Code Ann. § 41–2–104(2) (Supp.1987), which requires a person who operates or controls a *vehicle* towed upon a highway to hold such a license. Defendant's contentions to the contrary are wholly inconsistent with the purpose of subsection 41–2–10(2) and are therefore deemed to be without merit.

The judgment of the trial court is reversed, and Shirley Watkins is reinstated as a party defendant. Costs to plaintiffs.

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

**5.** 364 Mo. 684, 266 S.W.2d 626 (1954).

**6.** *Id.* at 692, 266 S.W.2d at 632.

**7.** 102 Vt. 439, 150 A. 68 (1930).

**8.** *Id.* at 441, 150 A. at 69.

**9.** 147 Tex.Crim.R. 602, 183 S.W.2d 572 (1944).

**10.** 151 Ga.App. 756, 261 S.E.2d 481 (1979).

**11.** *Id.* at 757, 261 S.E.2d at 482 (relying in part upon 60 C.J.S. *Motor Vehicles* § 1, at 150 (1969)).