## A92A0617. JOINER v. THE STATE.
(420 SE2d 73)

SOGNIER, Chief Judge.

James Joiner was convicted of aggravated assault and aggravated battery, and he appeals.

1. Appellant contends the trial court erred by excluding evidence showing a history of prior violence and threats of violence between appellant's family and that of the victim. We find no error.

Although evidence impugning the character of the victim is generally inadmissible, where the defendant makes a prima facie showing that the victim was the aggressor, that the victim assaulted the defendant and that the defendant acted in self-defense, the victim's reputation for violence may be shown. *Chapman v. State*, 258 Ga. 214, 215 (2) (367 SE2d 541) (1988). In addition, a defendant is permitted to show specific acts of violence by the victim against the defendant. *House v. State*, 252 Ga. 409, 413 (5) (314 SE2d 195) (1984). However, until the Supreme Court's decision in *Chandler v. State*, 261 Ga. 402, 407-408 (3) (405 SE2d 669) (1991), evidence of specific acts of violence by a victim against third parties was inadmissible. Id. at 407 (3) (a). In *Chandler*, the court held that such evidence is admissible when the defendant claims justification. Id. at 407 (3) (b).

Although some of the excluded evidence involved prior specific violent acts of the victim toward members of appellant's family, and thus would have been admissible had this case been tried after September 12, 1991, the date the opinion in *Chandler* was published in the advance sheets, the case at bar was tried in August 1991. Accordingly, the new rule set forth in *Chandler* prospectively establishing the admissibility of evidence of specific acts of violence by a victim against third parties, id., is not applicable here.

Appellant argues that evidence of the feud between the families and prior incidents of violence was relevant to his defense of justification by showing his state of mind when he shot the victim. However, a review of the transcript shows that the trial court did not exclude all such evidence, but rather admitted substantial evidence establishing the existence of a long term feud between the families and the fact that appellant and the victim had exchanged threats and violent acts over a period of time. We find no error in the trial court's determination that the evidence in issue should not be admitted, either because *Chandler*, supra, was not yet applicable; because the evidence was not relevant, being attributable not to the victim but to members of his family or too remote in time, see generally *Barnwell v. State*, 197 Ga. App. 116, 118 (5) (397 SE2d 717) (1990); or because it was cumulative of evidence previously admitted. See *Chisholm v. State*, 199 Ga. App. 746, 747 (2) (406 SE2d 112) (1991).

2. Appellant alleges error in a portion of the trial court's charge

on aggravated battery. In the challenged portion of the charge, the trial court defined simple battery as occurring when a person "intentionally causes substantial physical harm or visible bodily harm to another. Said to be aggravated when it deprives another of a member of his body or by rendering a member of the body useless or by seriously disfiguring the body or a member thereof."

Appellant argues the trial court's charge left the jury with the impression that simple battery and aggravated battery involved the same elements with the exception of the type of injury inflicted, and thus eliminated the essential element of malice. We do not agree. In other portions of the charge the trial court twice instructed the jury on aggravated battery in the exact language of the Code section. Thus, "[t]he jury was repeatedly charged on the required elements of [aggravated battery], including [malice]. [Appellant] seeks review of one sentence out of context, which we cannot do. 'It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. (Cits.)' [Cit.] So considered, the charge presents no error. [Cit.]" *Worley v. State*, 193 Ga. App. 58, 60 (2) (386 SE2d 879) (1989).

3. Appellant maintains the trial court erred by overruling his demurrer to the charge of aggravated assault made on the ground that the indictment did not allege that the assault was committed intentionally. The indictment charged that appellant "unlawfully and with force and arms" made an assault upon the victim. This court has held that an allegation that appellant acted "unlawfully" is sufficient to encompass both the intent to commit the proscribed act and the knowledge necessary to form that intent. The language of this indictment was therefore sufficient to allege each essential element of the offense charged. *Frost v. State*, 200 Ga. App. 267-269 (2) (407 SE2d 765) (1991).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1992 —
RECONSIDERATION DENIED JUNE 22, 1992 —

*Garland & Samuel, Donald F. Samuel*, for appellant.
*Rene J. Martin III, District Attorney, James B. Rutledge III, Assistant District Attorney*, for appellee.