## A92A1172. JACKSON v. THE STATE.
### (422 SE2d 304)

BIRDSONG, Presiding Judge.

Timothy Jackson was convicted in Fulton County for sale of cocaine and for simple battery. On appeal he contends the trial court erred by commenting on the evidence and gave an overbroad definition of simple battery in the charge. *Held*:

1. The trial court gave this charge: "Cocaine is a controlled substance under Georgia law. Only physicians, dentists, veterinarians or pharmacists are authorized to prescribe and dispense controlled substances; however, an individual such as the defendant is not authorized to sell or disperse any controlled substance." Appellant contends this charge expresses an opinion that appellant sold cocaine. But the instruction merely advises the jury that appellant is not authorized to sell or disperse controlled substances. This accurate statement of an uncontested and undisputed fact does not reflect an opinion that appellant sold cocaine. See *Dixon v. State*, 196 Ga. App. 15, 18 (7) (395 SE2d 577).

2. Appellant was charged in the indictment with the offense of simple battery by unlawfully and intentionally causing physical harm. The jury was charged that a person commits simple battery when he "either, A, intentionally makes physical contact of an insulting or provoking nature upon the person of another, or, B, intentionally causes physical harm to another." See OCGA § 16-5-23. In *Lyman v. State*, 188 Ga. App. 790, 792 (374 SE2d 563), we held: " '(I)t is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner.' *Owens v. State*, 173 Ga. App. 309 (4) (326 SE2d 509)." But, we declined to reverse the conviction in *Zager v. State*, 172 Ga. App. 207 (322 SE2d 530) saying: " ' "It is not usually cause for new trial that an entire Code section is given (in the jury charge) . . . even though a part of the charge may be inapplicable under the facts in evidence." [Cits.]' " The basis of this holding was

that, as in *Weaver v. State*, 169 Ga. App. 890 (6) (315 SE2d 467), the trial judge read to the jury the charge in the indictment, sent the indictment out with the jury and told them to refer to it as often as necessary. In *Anderson v. State*, 262 Ga. 26 (413 SE2d 732), the Supreme Court noted an apparent duality in such rulings and pointedly did not hold that it was reversible error, as a matter of law, to charge the entire Code section; the court observed that the record showed the jury was confused by the charge, but no remedial instruction was given nor did the accusation clarify the charge. The jury in the case now before us was fully charged as to the State's burden of proof, and that "this indictment, together with the defendant's plea of not guilty, forms the issues which you jurors are to determine." The jury could not reasonably have been misled to conclude that appellant could be convicted of an offense other than what was set out in the indictment.

Moreover, while appellant properly reserved the right to raise exceptions to the charge on appeal, the jury was then re-charged solely as to simple battery, and the trial judge asked if appellant had any objections. Counsel responded that he had no objections to the recharge. "Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge." *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1). Having on re-charge advised the court that he had no objection to this specific and particular charge, he may not now complain of it. Moreover, this failure to object to this particular recharge amounted to a refusal of remedial instructions as suggested in *Anderson*, supra, and *Lyman*, supra.

3. We have reviewed the evidence and we find it sufficient to enable a reasonable trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 10, 1992.

*Megan C. Devorsey*, for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, A. Thomas Jones, Assistant District Attorneys*, for appellee.