## A96A1711. THE STATE v. BOLMAN.
### (474 SE2d 721)

JOHNSON, Judge.

Therill Luel Bolman was charged with aggravated assault as follows: "The grand jurors . . . charge and accuse Therill Luel Bolman . . . with the offense of aggravated assault . . . [in that he] did unlawfully make an assault upon the person of another, to wit: Henry Wade Alexander, with a deadly weapon, to wit: a certain knife." Relying on *Smith v. Hardrick*, 266 Ga. 54 (464 SE2d 198) (1995), the trial court dismissed the indictment. Pursuant to OCGA § 5-7-1 (a) (1), the state appeals that ruling.

"[A] criminal indictment which does not recite language from the Code must allege every essential element of the crime charged. Furthermore, each count set forth in an indictment must be wholly complete within itself, and plainly, fully, and distinctly set out the crime charged in that count. . . . [A]ggravated assault has two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, *and* (2) that the assault was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon." (Footnotes omitted.) *Hardrick*, supra at 54-55 (1), (2). The indictment in *Hardrick* accused the defendant of "mak[ing] an assault upon (the victim) by placing his hands around (her) neck and using his hands to apply pressure to her neck contrary to the law." Id. at 54.

The Supreme Court's analysis first addressed the second prong of aggravated assault, finding that unless so specified, hands do not constitute deadly weapons and concluding the indictment was fatally flawed because it failed to identify that Hardrick had either an intention to murder, rape or rob, or that a deadly weapon was used to commit the crime. In this case, the indictment specifically identified the weapon as a knife which the trial court acknowledged satisfied that portion of the aggravated assault offense which contemplates use of a deadly weapon.

In Division 3 of the *Hardrick* opinion, the Supreme Court turned to the first prong of the aggravated assault charge and held that the indictment's failure to specify that Hardrick intended to inflict a vio-

lent injury or place the victim in reasonable apprehension of being injured violently, by placing his hands on the neck of the victim, also rendered it fatally flawed. Id. at 56. Likewise, the indictment here did not state that Bolman's use of the knife was intended to inflict a violent injury or place the victim in reasonable apprehension of being injured violently. Following *Hardrick*, the trial court here concluded that the indictment's failure to address intent warranted dismissal.

We do not agree with the trial court that application of *Hardrick* to the indictment in this case requires a dismissal. The Supreme Court observes that the acts described in the *Hardrick* indictment, placing hands around the neck and applying pressure, also describes the legal activities of a state licensed chiropractor, thereby implying the indictment should have described Hardrick's acts with more specificity than a cursory "contrary to the law." In this case, however, the presence of a knife would normally place a victim in reasonable apprehension of being injured violently. Further, the indictment specifically stated that Bolman's acts were unlawful, and "[t]his court has held that an allegation that appellant acted 'unlawfully' is sufficient to encompass both the intent to commit the proscribed act and the knowledge necessary to form that intent." *Joiner v. State*, 204 Ga. App. 592, 593 (3) (420 SE2d 73) (1992).

Because Bolman's right to reasonable notice of the charge against him was satisfied by this indictment, the trial court's dismissal of the indictment is reversed. See *Frost v. State*, 200 Ga. App. 267 (2), 268, 269 (407 SE2d 765) (1991).

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 16, 1996 —

*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney*, for appellant.

*Kenneth D. Kondritzer*, for appellee.