## A01A0654. THE STATE v. MEADOWS.
### (556 SE2d 479)

POPE, Presiding Judge.

Christopher Jay Meadows was charged by accusation with two counts of simple battery. He filed a demurrer, which the state court granted. Here the State appeals, and for the following reasons, we reverse.

The first count of the accusation against Meadows charged that he "on or about the 18th day of July, 1999, did unlawfully intentionally cause physical harm to Cynthia E. Compton, in violation of OCGA Section 16-5-23 (a) (2), contrary to the laws of the State. . . ." Count 2 charged that Meadows "did unlawfully intentionally make contact of an insulting and provoking nature with Cynthia E. Compton, in violation of OCGA Section 16-5-23 (a) (1), contrary to the laws of the State. . . ."

Meadows filed a demurrer, arguing that the use of the word "unlawfully" was improper. Both in the court below and on appeal, he contends that the word is not required by OCGA §§ 17-7-70.1 and 17-7-71 to constitute the offense of simple battery and that its use made the offense appear more severe. Additionally, Meadows contends that the word "unlawfully" creates a presumption of guilt when read to a jury.

The State argues that the trial court abused its discretion in dismissing the accusation because there was no legal defect which would have subjected it to dismissal. The State further contends that the word "unlawfully" was necessary to the accusation in that this specificity negated affirmative defenses to battery such as justification and provocation. Moreover, the State argues that judges routinely instruct juries that the accusation is not evidence and that this fact renders meritless Meadows' contention that the word creates an "aura of guilt."

We agree with the State that the trial court erred in dismissing the accusation because the use of the word "unlawfully" was not fatal. In fact, this court has specifically stated that "an allegation

that appellant acted 'unlawfully' is sufficient to encompass both the intent to commit the proscribed act and the knowledge necessary to form that intent." *Joiner v. State*, 204 Ga. App. 592, 593 (3) (420 SE2d 73) (1992). See also *State v. Bolman*, 222 Ga. App. 534, 535 (474 SE2d 721) (1996); *Gamble v. State*, 235 Ga. App. 777, 779 (3) (510 SE2d 69) (1998). In *Frost v. State*, 200 Ga. App. 267 (2) (407 SE2d 765) (1991), this court upheld the trial court's denial of the demurrer, concluding that the use of the word "unlawfully" instead of the word "knowingly" was sufficient to charge the defendant with committing arson with the requisite intent.

Similarly, in this case the use of the word "unlawfully" was proper in charging Meadows with two counts of simple battery. OCGA § 16-5-23 (a) states: "A person commits the offense of simple battery when he . . . either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another."

Although we are unaware of a case in which this court specifically addressed the issue of the use of the word "unlawfully" in charging simple battery, this court has implicitly upheld the use of this word in the context of simple battery charges in several cases. See, e.g., *Jackson v. State*, 205 Ga. App. 452 (2) (422 SE2d 304) (1992); *Jinks v. State*, 155 Ga. App. 925 (1) (274 SE2d 46) (1980).

In the instant case, there was no impropriety in the use of the word "unlawfully." The word helped define the manner in which the State claimed the simple batteries were committed, i.e., the word negated the affirmative defenses to the act. We reject Meadows' argument that because the accusation charged that he committed the battery "intentionally," the use of the word "unlawfully" was redundant and prejudicial.

Contrary to Meadows' arguments, our decision is consistent with the provisions of OCGA §§ 17-7-70.1 and 17-7-71.[1] Moreover, in setting forth the form with which an accusation shall substantially comply, OCGA § 17-7-71 (d) states that after the offense is set forth the accusation shall conclude with the phrase: "contrary to the laws of this state, the good order, peace, and dignity thereof." See *Littles v. State*, 236 Ga. 651-652 (1) (b) (224 SE2d 918) (1976) (failure to use words prescribed by statute was not fatal to indictment when substitutionary words used). Given this statutory provision, it would be nonsensical to conclude that Meadows could have been harmed by the use of the word "unlawfully" earlier in the accusation.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

---

[1] See OCGA § 17-7-54 for similar provisions with respect to indictments.

378

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General,* for appellant.
*Peevy & Lancaster, Gregory W. Lancaster,* for appellee.